IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                          No. 2:24-cv-00027-GJF-DLM

NEW MEXICO BONE AND JOINT INSTITUTE, P.C.,
AMERICAN FOUNDATION OF LOWER EXTREMITY
SURGERY AND RESEARCH, INC., a New Mexico Corporation,
RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM,
TERVON DORSEY, INDIVIDUALLY, KIMBERLY DORSEY,
INDIVIDUALLY, and KATE FERLIC, as GUARDIAN AD LITEM FOR
K.D. AND J.D., MINORS.

    Defendants.

## ANSWER OF TERVON DORSEY, KIMBERLY DORSEY, AND KATE FERLIC, GAL OF K.D. AND J.D., MINORS AND AFFIRMATIVE DEFENSES

COME NOW, Attorneys Mollie C. McGraw of McGraw Law, LLC and Allegra C. Carpenter of Allegra Carpenter Law Firm, LLC, on behalf of Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors, ("the Dorseys") and hereby answer the Complaint of Travelers Casualty Insurance Company of America, filed Jan. 09, 2024.

## PARTIES

    1.    The Dorseys are without knowledge to admit or deny, thus the allegations are denied.

    2.    Admitted and denied.  Defendant New Mexico Bone & Joint Institute, P.C. (NMBJI) is a New Mexico professional corporation with offices in Alamogordo (Otero County),

1

Ruidoso (Lincoln County), and Las Cruces (Dona Ana County). Its stated principal place of business is located in Otero County, New Mexico.

3. Admitted and denied, AFLESR is closely associated with NMBJI and operates out of all of the same locations that NMBJI operates.

4. The Dorseys are without knowledge to admit or deny, thus the allegations are denied.  Riley Rampton, DPM appears to now reside in Utah.

5. The Dorseys are without knowledge to admit or deny DPM Spencer's current whereabouts.

6. Admit, however, Travelers mistakenly refers to Tervon Dorsey as Trevon Dorsey.

7. Admit.

8. Admit.

## JURISDICTION AND VENUE

9. The Dorseys admit that this Court has original jurisdiction over this matter.

10. Admit.

11. Admit.

12. The Dorseys are not able to confirm the intentions of the Complaint, and therefore the allegation is denied.

13. Denied.  Travelers has a duty to defend and provide contracted insurance coverage over the claims alleged in the underlying action.

## GENERAL ALLEGATIONS

*The Insurance Policy*

14. The Dorseys are without knowledge to admit or deny, thus the allegations and policy implications are denied.

15. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied.

16. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied..

17. There is no paragraph 17 in the Complaint, therefore, it is denied.

18. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied.

19. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied.

20. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied.

21. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied.

22. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied.

23. Admit that Exhibit A states the same, but are without knowledge to admit or deny the inferences or policy coverage implications which are therefore denied.

*The Underlying State Court Complaint*

24. Admit.

25. Admit and deny, because in addition to conspiracy charges, the Dorseys allege multiple other acts of negligence by NMBJI and AFLESR, which claims are undeniably covered by the Travelers policy.

26. Admitted and denied. NMBJI employs fellows via AFLESR for mutual financial and professional gain.

27. Admitted and denied. The recitation by Travelers understates the injuries, but admits that it is principally serious injury to Mr. Dorsey's right ankle that is the focus of the underlying complaint.

28. Admitted and denied. Dr. Riley was at all times an employee and/or agent of NMBJI and was negligently supervised by Dr. Spencer.

29. Admit and deny, because the Dorseys allege multiple other acts forming the basis of claims that are covered under the policy. Travelers incorrectly refers to a "Dervon" Dorsey.

30. Admit and deny, because the Dorseys allege multiple other acts forming the basis of claims that are covered under the policy.

31. Admit and deny, because the Dorseys allege multiple other acts forming the basis of claims that are covered under the policy.

32. Admit and deny, because the Dorseys allege multiple other acts forming the basis of claims that are covered under the policy.

33. Admit and deny, because the Dorseys allege multiple other acts forming the basis of claims that are covered under the policy.

34. Admit and deny, because the Dorseys allege multiple other acts forming the basis of claims that are covered under the policy.

35. Admit and deny, because the Dorseys allege multiple other acts forming the basis of claims that are covered under the policy.

36. Admit.

*NMBJI Tender Travelers*

37. The Dorseys are without sufficient knowledge to admit or deny, and the allegations are therefore denied.

38. Denied. The Travelers policy possibly covers the acts of AFLESR, and the vicarious liability of other defendants for those acts because AFLESR was acting as an agent or employee.

39. Denied.

40. Admit and deny, because some of the claims set forth in paragraph 40 may not have arisen from intentional acts.

41. The Dorseys are without sufficient knowledge to admit or deny.

## **COUNT ONE – DECLARATORY RELIEF**

42. The Dorseys are without sufficient knowledge to admit or deny, and are therefore denied.

43. The Dorseys are without sufficient knowledge to admit or deny, and are therefore denied.

44. The Dorseys are without sufficient knowledge to admit or deny, and are therefore denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Sale of illusory policies violates public policy and exclusions that attempt such are invalid.   The exclusions asserted by Travelers may render the policy illusory and thus the exclusions are invalid.

### SECOND DEFENSE

The defendants are vicariously and/or jointly and severally liable for the acts of AFLESR.

### THIRD DEFENSE

Travelers fails to state a claim for a declaratory judgment as to all of the Dorsey's underlying claims.  The requested declaratory judgment is overly broad.

### FOURTH DEFENSE

Joint and several liability precludes the requested declaratory action as to all parties.

### FIFTH DEFENSE

It is the inherent power of the Court to award attorneys' fees and costs to the Dorseys as allowed by law.

Respectfully Submitted,

*"Electronically Submitted"*

/s/ Mollie C. McGraw

Mollie C. McGraw
McGraw Law, LLC
165 W. Lucero Ave.
Las Cruces, NM 88005
(575) 523-4321
mollie@lawfirmnm.com

-and-

Allegra C. Carpenter
Allegra Carpenter Law Firm, LLC
500 Tijeras NW
Albuquerque, NM   87102
(505) 340-6069
Allegra@Allegra-Law.com

*Attorneys for Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors.*

## **CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of this pleading was delivered via CM/ECF to all counsel of record on this 28th day of February 2024.

*"Electronically Submitted"*

/s/ Mollie McGraw
Mollie C. McGraw