IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                                                                                                    No. 2:24-cv-00027-GJF-DLM

NEW MEXICO BONE AND JOINT INSTITUTE, P.C.,
AMERICAN FOUNDATION OF LOWER EXTREMITY
SURGERY AND RESEARCH, INC., a New Mexico Corporation,
RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM,
TERVON DORSEY, INDIVIDUALLY, KIMBERLY DORSEY,
INDIVIDUALLY, and KATE FERLIC, as GUARDIAN AD LITEM FOR
K.D. AND J.D., MINORS.

    Defendants.

**TERVON DORSEY, KIMBERLY DORSEY, AND KATE FERLIC,
GAL OF K.D. AND J.D., MINORS'MOTION TO DISMISSTRAVELERS
CASUALTY INSURANCE COMPANY OF AMERICA'SDECLARATORY ACTION**

    COME NOW, Attorneys Mollie C. McGraw of McGraw Law, LLC and Allegra C. Carpenter of Allegra Carpenter Law Firm, LLC, on behalf of Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors, ("the Dorseys") and hereby file this Motion to Dismiss the Declaratory Action filed by Travelers Casualty Insurance Company of America (Travelers) (the "dec action").

**INTRODUCTION**

    The Dorseys filed their state court personal injury claim on 7/31/2023.

1

> FILED 1st JUDICIAL DISTRICT COURT
> Santa Fe County
> 7/31/2023 2:06 PM
> KATHLEEN VIGIL CLERK OF THE COURT
> Mariah Gonzales
>
> STATE OF NEW MEXICO
> COUNTY OF SANTA FE
> FIRST JUDICIAL DISTRICT COURT
>
> TERVON DORSEY, individually,
> KIMBERLY DORSEY, individually,
> KATE FERLIC, as Guardian ad Litem
> for K.D. and J.D., minors,
>
>       Plaintiffs,
>
> v.                                                  No. D-101-CV-2023-01753
>
> NEW MEXICO BONE AND JOINT INSTITUTE,
> P.C., a New Mexico corporation, AMERICAN
> FOUNDATION OF LOWER EXTREMITY
> SURGERY AND RESEARCH, INC., a New
> Mexico corporation, RILEY RAMPTON, DPM,
> and LOREN K. SPENCER, DPM,
>
>       Defendants.
>
> **COMPLAINT FOR DAMAGES CAUSED BY MEDICAL NEGLIGENCE, NEGLIGENT
> SUPERVISION, CIVIL CONSPIRACY AND FRAUDULENT CONCEALMENT**

Travelers, a carrier for New Mexico Bone and Joint Institute (NMBJI) and its agents, filed this dec action on January 1, 2024.

> Case 1:24-cv-00027   Document 1   Filed 01/09/24   Page 1 of 11
>
> IN THE UNITED STATES DISTRICT COURT
> FOR THE DISTRICT OF NEW MEXICO
>
> TRAVELERS CASUALTY INSURANCE COMPANY
> OF AMERICA
>
>       Plaintiff,
>
> v.                                                  No. 1:24-cv-00027
>
> NEW MEXICO BONE AND JOINT INSTITUTE, P.C.,
> AMERICAN FOUNDATION OF LOWER EXTREMITY
> SURGERY AND RESEARCH, INC., a New Mexico Corporation,
> RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM,
> TERVON DORSEY, INDIVIDUALLY, KIMBERLY DORSEY,
> INDIVIDUALLY, and KATE FERLIC, as GUARDIAN AD LITEM FOR
> K.D. AND J.D., MINORS.
>
>       Defendant.
>
> **COMPLAINT FOR DECLARATORY RELIEF**

Importantly, the Dorseys' Complaint pre-dates the filing of the dec action and the parties to both actions are nearly identical, with the exception of Travelers filing as a Plaintiff in the

federal dec action, but nonetheless would have and does have the right to intervene in the pre-existing state court action as the insured of NMBJI.

## ARGUMENT and AUTHORITY

The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). It is long-standing principle recognized by the United States Supreme Court that federal district courts have discretion to decline jurisdiction over a declaratory judgment action in favor of a pending state action presenting the same issues and between the same parties. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942) (dismissing insurer's suit seeking declaration of non-liability where insurer was party to a parallel state proceeding). The Court confirmed that ruling over 50 years later in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995), where it affirmed the stay of an action seeking declaration that insurance policies provided no coverage pending resolution of later-filed state case. In doing so, the Court reasoned that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

Thus, the Declaratory Judgment Act does not grant litigants an automatic right to a declaration. *Id.* at 287 ("[T]he Declaratory Judgment Act is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." (internal quotation omitted)). The Act "'was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" *Kunkel v. Cont'l Cas. Co.*, 866F.2d 1269, 1273 (10th Cir. 1989) (quoting *Pub. Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Moreover, "[t]he district court's decision to decline jurisdiction over a

3

declaratory judgment action will not be overturned absent a clear abuse of discretion." *United States v. City of Las Cruces*, 289 F.3d 1170, 1179 (10th Cir. 2002); *see also Wilton*, 515 U.S. at 289-90; *Kunkel*, 866 F.2d at 1273.

The Tenth Circuit has provided district courts with a list of non-exclusive factors to consider in evaluating whether to proceed with a declaratory judgment action. Those factors include: [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). These factors are known as the "*Mhoon* factors" and no one factor is determinative. *City of Las Cruces*, 289 at 1183.

<u>Mhoon Factors 1 & 2</u>

The first two *Mhoon* factors focus on "the degree of identity of parties and issues in the concurrent proceedings." *Id.* In this case, the dec action filed by Travelers will not settle the controversy in the underlying case. Nor does this separate forum dec action do anything to establish what are the already known legal relations of the parties. If there is any question in resolving a dispute under the insurance contract, the state court can necessarily determine rights and obligations under the contract. *See Runyon*, 53 F.3d 1169 (affirming district court decision to not retain jurisdiction where state court breach of contract action would necessarily resolve the coverage question in federal dec action; and issue in federal action was identical to what would

be a defense to the later filed state-court breach of contract action, which was whether there was coverage under the insurance contract).

Additionally, it has been stated that, "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel*, 866 F.2d at 1276. In this case, the Court cannot make a declaration of law without first determining numerous facts that are in dispute. For example, the Court will need to determine which of Plaintiffs claims fall within the exclusions provided in the Travelers policy.  This requires determinations as to the contours of those claims and whether they meet the definition of podiatrist professional negligence exclusions or whether they reside outside of those exclusions since they relate to administrative negligence, including but not limited to claims of negligent hiring, training, supervision, patient management, consent fraud and unfair trade practices.  This case therefore, presents an abundance of fact issues that impact all claims and will be decided more efficiently and economically in one forum. If this dec action is not dismissed or stayed, Plaintiffs will be forced to engage in parallel litigation in two different forums, consuming the resources of two different courts in addressing duplicative discovery, witness testimony, and similar motions.

Based on the above, neither the first nor second Mhoon factor supports federal jurisdiction.

### Mhoon Factor 3

The third *Mhoon* factor asks whether the dec action constitutes "procedural fencing" or "a race to res judicata," and in this case that factor also weighs in favor of dismissal. In assessing this factor, courts often look at the timing of the federal declaratory judgment action in relation to the pending state court proceeding. In *Ruynon*, the insurance carrier filed suit seeking

5

declaratory relief on the day before the defendant promised to file an action in state court. *Ruynon*, 53 F.3d at 1170. The Tenth Circuit upheld the district court's finding of procedural fencing where the insurance carrier in *Runyon* failed to show error in the district court having made such a finding. *Id.*

Again, nothing prevents Travelers from intervening in the state court action or bringing this action in state court where it would be consolidated with the pending action.

### Mhoon Factor 4

The fourth *Mhoon* factor weighs heavily against invoking jurisdiction as state law governs the interpretation of contracts and this Court has concluded that New Mexico courts are better suited to determine the nuances of insurance law impacting a state court matter and the New Mexico court is the proper forum for decisions about which claims fall in or out of the Travelers policy and the issue may turn on public policy. *See Houston Gen. Ins. Co. v. Am. Fence Co.*, 115 F.3d 805, 806 (10th Cir. 1997) ("The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state."); *Ellsworth v. Progressive NW Ins. Co.*, No. 12-1279, 2013 WL 6504322, at *18 (D.N.M. 2013) (Browning, J.) (concluding "New Mexico courts are better suited to determine the nuances of New Mexico insurance law than [this] Court"). Travelers can present the same defenses to coverage in state court as it can in this Court and the New Mexico court will be more efficient to address all the claims arising from the facts in one proceeding.

### Mhoon Factor 5

With respect to the fifth and final *Mhoon* factor, the state court proceeding provides a more efficient and comprehensive remedy. The state court case here will resolve all claims at issue among the parties. As the Tenth Circuit acknowledged in *City of Las Cruces*: "The state

proceedings would produce a 'more comprehensive and cohesive' remedy, because the rights of all, including the parties to the federal action, would be decided." 289 F.3d at 1191. "Put another way, this declaratory judgment action is but one single battle in a larger war – a war that can be resolved in its entirety in state court." Ex. B, *Century Sur. Co. v. Roybal*, No. 11-1107-BB-ACT, Memorandum Opinion on Defendants' Motion to Dismiss or Alternatively to Stay Proceedings (Aug. 23, 2012) (Doc. 48), at 7-8, attached.

## **CONCLUSION**

For the foregoing reasons, the Dorseys ask that this Court decline to exercise jurisdiction over this dec action and dismiss it. Alternatively, the Dorseys ask that this Court stay this action pending resolution of issues presented in the First Judicial District Court of New Mexico.

Respectfully Submitted,

*"Electronically Submitted"*

/s/ Mollie C. McGraw

Mollie C. McGraw
McGraw Law, LLC
165 W. Lucero Ave.
Las Cruces, NM 88005
(575) 523-4321
mollie@lawfirmnm.com

-and-

Allegra C. Carpenter
Allegra Carpenter Law Firm, LLC
500 Tijeras NW
Albuquerque, NM  87102
(505) 340-6069
Allegra@Allegra-Law.com

*Attorneys for Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors.*

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of this pleading was delivered via CM/ECF to all counsel of record on this 22nd day of March 2024.

*"Electronically Submitted"*

/s/ Mollie McGraw
Mollie C. McGraw