IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                                                       No. 2:24-cv-00027-GJF-DLM

NEW MEXICO BONE AND JOINT INSTITUTE, P.C.,
AMERICAN FOUNDATION OF LOWER EXTREMITY
SURGERY AND RESEARCH, INC., a New Mexico Corporation,
RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM,
TERVON DORSEY, INDIVIDUALLY, KIMBERLY DORSEY,
INDIVIDUALLY, and KATE FERLIC, as GUARDIAN AD LITEM FOR
K.D. AND J.D., MINORS.

    Defendants.

**TERVON DORSEY, KIMBERLY DORSEY, AND KATE FERLIC, GAL OF K.D. AND J.D., MINORS'MOTION TO STRIKE AND RESPONSE TO TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S FED. R. CIV. P. 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

COME NOW, Attorneys Mollie C. McGraw of McGraw Law, LLC and Allegra C. Carpenter of Allegra Carpenter Law Firm, LLC, on behalf of Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors, ("the Dorseys") and hereby file this Motion to Strike the Motion for Judgment on the Pleadings filed by Travelers Casualty Insurance Company of America (Travelers) (the "12(c)" motion) (Doc. 3). The Dorseys also herein respond to the motion.[1]

**INTRODUCTION**

The Dorsey's oppose the present motion on several grounds:

---

[1] On Feb. 7, 2022, Travelers counsel served the Complaint not on Dorseys counsel, but rather on GAL, Katie Ferlic. The Dorseys answered the Complaint on Feb. 28, 2022 and at that time also entered their appearance in the case.

1

1a) It should be rejected or stricken as premature, by the terms of the rule itself.

1b) The Travelers Declaratory Action ("dec action") should be dismissed as all claims arise from actions occurring in New Mexico that were described and filed in a lawsuit that predates this declaratory action, thus the common nucleus and operative facts arise in New Mexico and any relief sought by Travelers as to its coverage obligations should be decided in that court. The Dorseys have concurrently filed a separate Motion on this issue. See Doc. 20.

2) The 12(c) motion should be rejected because the facts alleged in support of the claim for relief are disputed. The Dorseys' state court action alleges numerous separate acts of ordinary negligence and Unfair Practices Act violations which are not captured under the exclusions asserted by Travelers.

## LEGAL STANDARD

Analogized to the standard of Rule 12(b)(6), entry of a judgment on the pleadings against a litigant is appropriate only where the respondent can prove no set of facts that would entitle them to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993); *see also Hill v. Cray Research, Inc.,* 864 F. Supp. 1070, 1078 (D.N.M. 1991). In considering a 12(c) motion, all facts pleaded by the non-moving party shall be accepted and all inferences granted in the non-movant's favor. *Park Univ. Enterprises, Inc. v. Am.Cas. Co. of Reding, Pa..,* 442 F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the [moving] party is entitled to judgment as a matter of law." *Id.,* (quotation marks and citation omitted.)

**ARGUMENT**

**I.     MOTION TO STRIKE and/or DISMISS 12(c) MOTION**

    **A.     The Motion is Premature.**

Travelers filing of the 12(c) motion the Complaint simultaneously is exceptionally premature.  The text of Rule 12(c) states:

> **Motion for Judgment on the Pleadings**.  After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

The rule itself contemplates that it will be filed "after the pleadings are closed."  In this instance, the 12(c) pleading was filed 1) before the parties had been served, 2) before the parties had the opportunity to file so much as an Answer to the Complaint (which answers many disputes of the allegations), and 3) before any scheduling or discovery has transpired.  If granted under these circumstances, it is the definition of rubber stamping, a claim for relief while providing no process for disputes.

Closing of the pleadings is defined by Rule 7(a), which requires, minimally, the filing of the Answer and any counterclaims, answers to cross claims, the opportunity for third-party complaints, answers to third-party complaints, and replies to the Answer should the court order such.  *Perez v. Wells Fargo*, 774 F. 3d 1329, 1336 (11th Cir. 2014); See also *Flora v. Home Fed. Sav. & Loan Ass'n,* 685 F.2d 209, 211 n. 4 (7th Cir.1982), and *Doe v. United States,* 419 F.3d 1058, 1061 (9th Cir.2005).   Indeed, the name of Rule 12(c), which incorporates the plural of "pleading"—"Motion for Judgment on the ***Pleadings,*** " Fed.R.Civ.P. 12(c) (emphasis added)— along with the use of the plural "pleadings" as opposed to the singular "pleading" throughout the rule, supports the idea that judgment on the pleadings is inappropriate when only a single pleading related to a claim (whether alleged in a complaint or counterclaim) has been filed.

3

The purpose of Rule 12(c) is to prevent parties from stalling litigation with non-response. That is not the case here. The Dorseys have filed a timely Answer that not only disputes many of the allegations brought by Travelers in its declaratory action but raises several affirmative defenses.

### B.  The Declaratory Action Should be Dismissed.

As supported in the contemporaneously filed Motion to Dismiss the Declaratory Action, any coverage disputes raised by Travelers are best resolved in the New Mexico court that is hearing the underlying action.

## II.  12(c) Motion Must be Denied

Substantively, Travelers 12(c) motion tracks almost verbatim with its Complaint. The Dorseys' Answer to the Complaint establishes the legal basis for why it is not reasonable to grant such a motion at this juncture, or any juncture in the case based on the legal defenses and lack of discovery/disclosures at this time.

Importantly, the Dorseys' underlying Complaint alleges violations that fall well outside of the medical malpractice claims also alleged in the complaint, sounding in negligence/recklessness related to hiring supervision, lack of training, administrative failures (Count II), civil conspiracy and joint venture (Count III), fraudulent concealment and lack of informed consent (Count IV), and includes specific claims for violations under the New Mexico Unfair Trade Practices Act (UPA) (Count V). [2] *See also*, Exhibit B (Dorseys' State Court Complaint) attached to Doc. 1 Complaint for Declaratory Relief, filed 1/9/2024).

---

[2] When considering a motion to dismiss, "the court is permitted to take judicial notice of its own files, and records, as well as fact which are a matter of public record." *Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th. 2000) abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).



All or many of these claims are distinct from the malpractice conduct of the podiatrists themselves, which constitute the conduct intended to be captured in the Travelers policy exclusions.  New Mexico caselaw clearly establishes that UPA claims are separate and distinct from acts of malpractice.  *See, Grassie v. Roswell Hosp. Corp.,* 2011-NMCA-024, at ¶87 ("Thus, the UPA issues are separate enough from the questions of the actual medical competence of the doctors and nurses to allow the UPA claims to proceed.").  This alone suffices a basis to deny the present 12(c) motion brought by Travelers.  The Dorseys have also raised a number of affirmative defenses in their Answer to the Complaint.

The existence of all of these claims in the underlying action prevent granting of the 12(c) because the premise of the motion and suggestion that the Travelers exclusion prevents all

coverage is simply false and is highly disputed.  A rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties.  *See, Kruzitis v. Okuma Mach. Tool. Inc.,* 40 F.3d 52, 54 (3d Cir. 1994)("Under Rule 12(c), we will not grant judgment on the pleadings unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of lw."(internal quotation marks omitted).  A "[j]udgment on the pleadings should be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enterprises, Inc. v. Am. Cas.. Co. of Reading Pa.,* 442 F.3d 1239, 1244 (10th Cir. 2006) (*citing United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).  All of the nonmoving parties' allegations are deemed to be true, and all of the movants' contrary assertions are taken to be false.  *Nat'l Metro. Bank v. United States*, 323 U.S. 454, 456-57 (1945); *Ramirez v. Dep't of Corr.,* 222 F.3d 1238, 1240 (10th Cir. 2000); *Freeman v. Dep't of Corr.,* 949 F.2d 360 361 (10th Cir. 1991).  In this fashion, the courts attempt to protect the nonmovant's procedural and substantive rights under Rule 12(c).  See, *Roemhild v. Jones*, 239 F.2d 492 (8th Cir. 1957).

Where the pleadings do not resolve the dispute and the 12(c) motion cannot be granted.

## **CONCLUSION**

The Dorseys respectfully request the Court deny the present Rule 12(c) motion and or strike it as premature and/or deny because it is not based on undisputed facts.  The Dorseys further refer the Court to their Motion to Dismiss the Travelers Declaratory Action, which is being filed concurrently with this response. See Doc. 20.

Respectfully Submitted,

*"Electronically Submitted"*

/s/ Mollie C. McGraw

Mollie C. McGraw
McGraw Law, LLC
165 W. Lucero Ave.
Las Cruces, NM 88005
(575) 523-4321
mollie@lawfirmnm.com

-and-

Allegra C. Carpenter
Allegra Carpenter Law Firm, LLC
500 Tijeras NW
Albuquerque, NM   87102
(505) 340-6069
Allegra@Allegra-Law.com

*Attorneys for Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors.*

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of this pleading was delivered via CM/ECF to all counsel of record on this 22nd day of March 2024.

*"Electronically Submitted"*

/s/ Mollie McGraw
Mollie C. McGraw