IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00027-GJF-DLM |
| NEW MEXICO BONE AND JOINT INSTITUTE, P.C., AMERICAN FOUNDATION OF LOWER EXTREMITY SURGERY AND RESEARCH, INC., RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM, TERVON DORSEY, INDIVIDUALLY, KIMBERLY DORSEY, INDIVIDUALLY, AND KATE FERLIC, AS GUARDIAN AD LITEM FOR K.D. AND J.D., MINORS, | § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS NEW MEXICO BONE AND JOINT INSTITUTE, P.C.'S, AMERICAN FOUNDATION OF LOWER EXTREMITY SURGERY AND RESEARCH, INC.'S, RILEY RAMPTON, DPM'S, AND LOREN K. SPENCER, DPM'S ANSWER TO PLAINTIFF AND COUNTER-PLAINTIFFS NEW MEXICO BONE AND JOINT INSTITUTE, P.C.'S, RILEY RAMPTON, DPM'S, AND LOREN K. SPENCER, DPM'S COUNTERCLAIM**

Defendants New Mexico Bone and Joint Institute, P.C.'s ("NMBJI"), American Foundation of Lower Extremity Surgery and Research, Inc.'s ("AFLESR"), Riley Rampton, DPM's ("Dr. Rampton"), and Loren K. Spencer, DPM's ("Dr. Spencer") (collectively, "Defendants") hereby file this Answer to Plaintiff Travelers Casualty Insurance Company of America ("Plaintiff" or "Travelers") and NMBJI's, Dr. Rampton's, and Dr. Spencer's (collectively, "Counter-Plaintiffs") Counterclaim, and respectfully state as follows:

# I.
# ANSWER

## A.      Admissions and Denials

1.      Defendants admit in response to this Paragraph that, to the best of their knowledge, Plaintiff is a Connecticut company and does business in the state of New Mexico. Defendants deny the remaining allegations in this Paragraph.

2.      Defendants admit the allegations in this Paragraph.

3.      Defendants admit the allegations in this Paragraph.

4.      Defendants admit the allegations in this Paragraph.

5.      Defendants admit the allegations in this Paragraph.

6.      Defendants admit in response to this Paragraph that, to the best of their knowledge, Defendant Trevon Dorsey is a resident of Otero County, New Mexico.

7.      Defendants admit in response to this Paragraph that, to the best of their knowledge, Defendant Kimberly Dorsey is a resident of Otero County, New Mexico.

8.      Defendants admit in response to this Paragraph that, to the best of their knowledge, Defendant Kate Ferlic, Esq., is a resident of Santa Fe County, New Mexico, and that the minors, K.D. and J.D., live in Otero County, New Mexico.

9.      Defendants admit the allegations in this Paragraph.

10.      Defendants admit, to the best of their knowledge, that there is complete diversity of citizenship as to the parties.

11.      Defendants admit the alleged claims arose in the District of New Mexico and, to the best of Defendants' knowledge, there is complete diversity of citizenship as to the parties.

12.      Defendants admit Plaintiff requests declaratory relief. Defendants deny Plaintiff is entitled to the relief it seeks.

13.     Defendants admit the Court has the power to declare and adjudicate the rights and other legal relationships of the parties in this case. Defendants deny the remainder of the allegations because Plaintiff owes Defendants a duty to defend and/or indemnify under the Policy.

## PLAINTIFF'S GENERAL ALLEGATIONS

14.     Defendants admit the Policy speaks for itself but deny that it precludes Plaintiff's coverage of Defendants under the Policy.

15.     Defendants admit the Policy speaks for itself.

16.     Defendants admit the Policy speaks for itself but deny that it precludes coverage of Defendants under the Policy.

17.     Defendants admit the Policy speaks for itself but deny that it precludes coverage of Defendants under the Policy.

18.     Defendants admit the Policy speaks for itself but deny that it precludes  coverage of Defendants under the Policy.

19.     Defendants admit the Policy speaks for itself but deny that it precludes coverage of Defendants under the Policy.

20.     Defendants admit the Policy speaks for itself but deny that it precludes coverage of Defendants under the Policy.

21.     Defendants admit the Policy speaks for itself but deny that it precludes coverage of Defendants under the Policy.

22.     Defendants admit the Policy speaks for itself but deny that it precludes coverage of Defendants under the Policy. Defendants deny the remaining allegations of this Paragraph.

23.     Defendants admit the Policy speaks for itself but deny that it precludes coverage of Defendants under the Policy.

24.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

25.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

26.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

27.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

28.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

29.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

30.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

31.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

32.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

33.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

34.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

35.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

36.     The underlying state court action speaks for itself. To the extent a response is necessary, denied.

37.     Defendants admit the allegations in this Paragraph.

38.     Defendants admit AFLESR has not made a claim under the Policy. AFLESR also admits it is not an insured under the Policy. Defendants deny the remaining allegations set forth in this Paragraph.

39.     Denied.

40.     Denied.

41.     Denied.

## PLAINTIFF'S COUNT ONE – DECLARATORY RELIEF

42.     Defendants incorporate their responses to the preceding paragraphs and deny that Plaintiff has an actual justiciable controversy under its declaratory judgment action.

43.     Defendants admit Plaintiff disputes its obligations and duties to defend and/or indemnify Defendants in the Underlying Action. Defendants deny Plaintiff is entitled to the relief it seeks.

44.     Defendants admit Plaintiff disputes its obligations and duties to defend and/or indemnify Defendants in the Underlying Action. Defendants deny Plaintiff is entitled to the relief it seeks.

45.     Defendants deny the allegations in this Paragraph.

46.     Defendants deny the allegations in this Paragraph.

47.     Defendants deny the allegations in this Paragraph.

48.     Defendants contend this calls for a legal conclusion and therefore it does not need to be admitted or denied.

49.     Defendants deny all remaining allegations contained in the Complaint.

## II.
## COUNTERCLAIM

**A.    Parties**

50.     Counter-Plaintiff NMBJI is a New Mexico professional corporation with offices in Alamogordo, Ruidoso, and Las Cruces. NMBJI's principal place of business is located in Otero County, New Mexico.

51.     Counter-Plaintiff Dr. Rampton is a podiatric doctor who resides in New Mexico.

52.     Counter-Plaintiff Dr. Spencer is a podiatric doctor who resides in New Mexico.

53.     Counter-Defendant Travelers is an insurance company incorporated under the laws of the State of Connecticut and maintains its principal place of business in Hartford, Connecticut. Travelers does business in the State of New Mexico. Travelers has appeared in this lawsuit.

**B.    Jurisdiction and Venue**

54.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

55.     There is complete diversity of citizenship as to all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

56.     The claims at issue in this action arose in the District of New Mexico. Venue is, therefore, proper in this Court under 28 U.S.C. § 1391. The Court already has jurisdiction of this dispute by virtue of the claims asserted by Travelers.

57.     There is an actual justiciable controversy between NMBJI, Dr. Rampton and Dr. Spencer, on the one hand, and Travelers, on the other hand, regarding whether Travelers has a duty to defend and indemnify NMBJI, Dr. Rampton and Dr. Spencer under an insurance policy issued

by Travelers based on the claims asserted by Travelers in this case. The Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to the instant litigation with respect to the issues raised by this Counterclaim.

**C.     Facts**

        **1.     The Travelers Insurance Policy**

58.     Travelers issued Policy No. 680-0J936959-20-42 to NMBJI on November 22, 2019, with a Policy Period of January 3, 2020 through January 3, 2021 (the "Policy").

59.     The Policy provides for Commercial General Liability coverage:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement**
>
>    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>      **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
>      **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
>    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.
>
>    **b.** This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

*See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit A, Commercial General Liability Coverage Form at 1 of 21 [p. 91 of 164].

60.     "Bodily injury" is defined as:

> 4. "Bodily injury" means:
>
> a. Physical harm, including sickness or disease, sustained by a person; or
>
> b. Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.

*See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit A, at p. 17 of 21 [p. 107 of 164].

61.     The Policy further provides for Personal and Advertising Injury Liability:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

        **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit A, at p. 6 of 21 [p. 96 of 164].

    62.    "Advertising Injury" is defined as:

> **2.** "Advertising injury":
>
> **a.** Means injury caused by one or more of the following offenses:
>
> (1) Oral or written publication, including publication by electronic means, of material in your "advertisement" that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged;
>
> (2) Oral or written publication, including publication by electronic means, of material in your "advertisement" that:
>
> (a) Appropriates a person's name, voice, photograph or likeness; or
>
> (b) Unreasonably places a person in a false light; or
>
> (3) Infringement of copyright, "title" or "slogan" in your "advertisement", provided that the claim is made or the "suit" is brought by a person or organization that claims ownership of such copyright, "title" or "slogan".
>
> **b.** Includes "bodily injury" caused by one or more of the offenses described in Paragraph **a.** above.

*See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit A, at p. 17 of 21 [p. 107 of 164].

63.     "Personal Injury" is defined as:

> **19.** "Personal injury":
>
> **a.** Means injury, other than "advertising injury", caused by one or more of the following offenses:
>
> **(1)** False arrest, detention or imprisonment;
>
> **(2)** Malicious prosecution;
>
> **(3)** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;
>
> **(4)** Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged; or
>
> **(5)** Oral or written publication, including publication by electronic means, of material that:
>
> **(a)** Appropriates a person's name, voice, photograph or likeness; or
>
> **(b)** Unreasonably places a person in a false light.
>
> **b.** Includes "bodily injury" caused by one or more of the offenses described in Paragraph **a.** above.

*See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit A, at p. 19 of 21 [p. 109 of 164].

64.     "Occurrence" is defined as:

> **17.** "Occurrence" means:
>
> **a.** An accident, including continuous or repeated exposure to substantially the same general harmful conditions; or

> **b.** An act or omission committed in providing or failing to provide first aid or "Good Samaritan services" to a person, unless you are in the business or occupation of providing professional health care services.

*See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit A, at p. 19 of 21 [p. 109 of 164].

65.     The Policy explains that an insured is:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

   **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

   **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      (1) "Bodily injury" or "personal injury":

         (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer

   workers" while performing duties related to the conduct of your business;

NMBJI, Dr. Rampton and Dr. Spencer are all insureds under the Policy. *See* Doc. 1, Travelers's

Complaint for Declaratory Relief, Exhibit A, at p. 11 of 21 [p. 101 of 164].

      66.    The Policy includes certain exclusions, including an exclusion for Professional

Health Care Services:

**PROVISIONS**

1. Paragraph **2.a.(1)(d)** of **SECTION II – WHO IS AN INSURED** is deleted.

2. The following exclusion is added to Paragraph **2., Exclusions,** of **SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

**Professional Health Care Services**

"Bodily injury" or "property damage" arising out of providing or failing to provide "professional health care services".

3. The following exclusion is added to Paragraph **2., Exclusions,** of **SECTION I – COVERAGES – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY:**

**Professional Health Care Services**

"Personal injury" or "advertising injury" arising out of providing or failing to provide "professional health care services".

4. The following is added to the **DEFINITIONS** Section:

"Professional health care services" includes:

a. Any medical, surgical, dental, laboratory, x-ray or nursing services, treatment, advice or instruction, or the related furnishing of food or beverages;

b. The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances;

c. The handling or treatment of corpses, including autopsies, organ donations and other postmortem procedures;

d. Any health or therapeutic service, treatment, advice or instruction;

e. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

f. Any psychiatric, psychological or emotional counseling service, treatment, advice or instruction; and

g. The service by any person as a member of a formal accreditation, standards review, peer review or equivalent professional board or committee or member of any professional organization or committee.

*See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit A, at CG D# 443 04 09 at 1 of 1 [p. 122 of 164].

## 2. The State Court Complaint

67. On July 31, 2023, Tervon Dorsey, individually, Kimberly Dorsey, individually, and Kate Ferlic as Guardian ad litem for K.D. and J.D., minors (collectively, the "Dorseys"), filed suit in the First Judicial District Court, Santa Fe County, New Mexico, against NMBJI, Dr. Rampton, Dr. Spencer, and American Foundation of Lower Extremity Surgery and Research, Inc. ("AFLESRI") in Cause No. D-101-CV-2023-01753. *See* Doc 1., Travelers's Complaint for Declaratory Relief, Exhibit B (the "State Court Action").

68. In the State Court Action, the Dorseys allege causes of action for, among other things, Civil Conspiracy and Joint Venture and Unfair Trade Practices against NMBJI, Dr. Rampton and Dr. Spencer (and others) for acts and conduct outside any supposed professional services rendered (or not rendered) to Tervon Dorsey.

69.     In particular, the State Court Action complains about (i) the defendants' alleged improper business scheme, (ii) the defendants' affiliation with other defendants, including the alleged relationship between NMBJI and AFLESRI, and (iii) the defendants' alleged concealment thereof. *See* Doc. 1, Travelers's Complaint for Declaratory Relief, Exhibit B, ¶¶ 76-87, 93-103. The Dorseys' allegations fall outside the scope of the Policy's Professional Health Care Services Exclusion and, instead, relate alleged business decisions of NMBJI, Dr. Rampton, Dr. Spencer and others.

70.     Specifically, without being an exhaustive list, at least the following allegations asserted by the Dorseys in the State Court Action relate to conduct that does not constitute medical treatment, advice or instruction, but instead relate to alleged unfair trade practices, advertising, and the failure to disclose financial relationships:

> 18.     Upon information and belief, the operating agreement for NMBJI specifically directs that the purpose of the organization is to create wealth for the partners.

> 21.     The Defendants shared in the management, profits, opportunities, and resources necessary to effectuate their shared interest and objectives.
>
> 22.     The Defendants operated as a joint venture/enterprise for the purpose of streamlining and furthering their similar financial, business, and professional advancement interests as further set forth herein.

> 40.     At no time was Tervon Dorsey made aware that Dr. Spencer had a relationship through AFLSR with fellow, Dr. Riley.
>
> 41.     AFLESR fellows effectively provide low cost labor to NMBJI in exchange for fellowship credentialing.

76.     Upon information and belief, the Defendants created a business scheme involving multiple corporations, associations, and individuals that generated substantial profit to the participants, which avenues of profit would not be apparent to patients.

77.     The disclosure of these schemes to patients, including Tervon Dorsey, would not necessarily have cured the unethical financial motive, conflicts, and bias that the schemes created; nonetheless, the schemes were not affirmatively and effectively disclosed to Tervon Dorsey, who was never made aware of them at any time during his medical treatment with the Defendants.

78.     Tervon Dorsey was never directed to read the allegedly available "Disclosure Form for

Financial Agreements." He never noticed it in the office; he was never directed to read it; it was never explained to him; and, he was never asked to agree to it.

79.     The Defendants' "Sponsors and Disclosure" tab on AFLESR's website (which only became known to Plaintiffs through their lawyers' investigation) was never affirmatively disclosed and explained to Tervon Dorsey.

80.     Tervon Dorsey was never informed of or directed to read the content contained within the "Sponsors and Disclosure" tab on AFLESR's website.

81.     The Defendants' decision to create the substantively and procedurally ineffective Disclosures reflects their cognition that such integrated relationships did create relevant biases.

82.     Having recognized those biases, the Defendants had the choice to either 1) actually make sure that patients understood their mutual, financial motivations; or 2) to hide their financial incentives and joint venture in inconspicuous fine print to create false plausible deniability after the fact.

90.     The Defendants did not inform the patient of the extent of the complex financial connections between the Defendants or the financial motivations shared by the Defendants.

91.     Due to the fraudulent concealment and lack of informed consent, Tervon Dorsey was unaware of how he was being abused by Defendants for their financial gain.

92.     As a proximate result, Tervon Dorsey suffered permanent, severe, personal physical injuries and extensive damages as described in Count X.

93.   During these events, there was in effect at all times material a New Mexico statute commonly known as the Unfair Practices Act ("UPA"), NMSA 1978, Sections 57-12-1 *et seq.*, which prohibits a person, including corporations, partnerships, and joint ventures, from engaging in unfair or deceptive trade practices.

97.   Defendants caused confusion and misunderstanding as to their affiliation, connection and association with each other in violation of Section 57-12-2(D)(3).

98.   The conduct of the Defendants included the use of exaggeration, innuendo, and ambiguity in violation of Section 57-12-2(D)(14), and false statements, in violation of Section 57-12- 2(D)(16).

99.   Defendants' acts and omissions were designed to take advantage of the lack of knowledge, ability, sophistication and experience of Tervon Dorsey to a grossly unfair degree, in violation of Section 57-12-2(E).

### 3.   Travelers Agrees to Defend Under A Reservation of Rights but Files this Lawsuit.

71.   NMBJI provided notice of the State Court Action to Travelers and demanded Travelers defend and indemnify NMBJI, Dr. Rampton and Dr. Spencer under the Policy.

72.   Travelers agreed to defend the State Court Action under a reservation of rights, but has since filed this lawsuit seeking a declaration that it owes no duty to defend and indemnify NMBJI, Dr. Rampton and Dr. Spencer under the Policy in connection with the State Court Action.

### 4.   NMBJI's Professional Liability Insurer Also Denies Coverage

73.   In addition to the Travelers's CGL Policy issued to NMBJI, NMBJI also has a Professional Liability policy with MedPro Group ("MedPro"). NMBJI tendered the State Court Action to MedPro seeking coverage under its Professional Liability policy. Like Travelers, MedPro reserved rights and denied coverage for certain claims in the State Court Action on several grounds, including the position that certain allegations in the State Court Action do not constitute professional services. The MedPro Professional Liability policy covers alleged damages based on

NMBJI's rendering, or the failure to render, professional services. But MedPro denied NMBJI coverage under its Professional Liability policy in part because, in MedPro's estimation, "certain allegations within the [State Court Action] do not qualify for indemnity under the [MedPro] Policy as they are not based on the rendering o[r] failure to render professional services…." *See* Exhibit 1, MedPro's December 8, 2023 Coverage Denial.

## D.   Count One – Declaratory Relief

74.     Each of the preceding factual allegations is incorporated herein, the same as if fully set forth.

75.     The rights and obligations of NMBJI, Dr. Rampton and Dr. Spencer, as insureds, and Travelers, as insurer, are in dispute and affected by the terms and conditions of the Policy.

76.     Given the filing of the lawsuit by Travelers, a controversy between the parties exists regarding whether NMBJI, Dr. Rampton and Dr. Spencer are entitled to a defense and indemnification of the claims made against it in the State Court Action.

77.     Under the Policy, Travelers is obligated to defend and indemnify NMBJI, Dr. Rampton and Dr. Spencer for one or more of the claims asserted by the Dorseys in the State Court Action. Travelers denies its obligation to defend or indemnify NMBJI, Dr. Rampton and Dr. Spencer under the Policy. *See* Doc. 1, Travelers's Complaint for Declaratory Relief ¶¶ 42-48.

78.     There now exists an actual justiciable controversy between NMBJI, Dr. Rampton and Dr. Spencer, on the one hand, and Travelers, on the other hand. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to the instant litigation with respect to the issues raised by this Counterclaim.

## E.   Prayer

WHEREFORE, NMBJI, Dr. Rampton and Dr. Spencer respectfully request that this Court declare the rights and obligations of Travelers under the Policy and, more specifically, that:

(a) Judgment be entered in NMBJI's, Dr. Rampton's and Dr. Spencer's favors and the Court enter a declaration regarding the rights and obligations of each of the parties with respect to the dispute herein and find that there is coverage under the Policy for the claims asserted in the State Court Action;

(b) That it enter judgment declaring that Travelers has a duty to defend and indemnify NMBJI, Dr. Rampton and Dr. Spencer for the claims asserted in the State Court Action; and

(c) That it award NMBJI, Dr. Rampton and Dr. Spencer such other and further relief, at law or in equity, including without limitation their costs, to which NMBJI, Dr. Rampton and Dr. Spencer may be justly entitled.

Date: April 3, 2024.

Respectfully submitted,

**JOHN D. WHEELER & ASSOCIATES, P.C.**
A Professional Corporation

/s/ Elizabeth K. Watson
Elizabeth K. Watson
John D. Wheeler
Post Office Box 1810
Alamogordo, NM 88311
Telephone:  (575) 437-5750
Telecopy:  (575) 437-3557
jdw@jdw-law.com
ekw@jdw-law.com

-and-

/s/ Noah H. Nadler
Noah H. Nadler
Texas State Bar No. 24065806
noah.nadler@wickphillips.com
Admitted pro hac vice
Stafford P. Brantley
Texas State Bar No. 24104774
stafford.brantley@wickphillips.com
Admitted pro hac vice

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Ave., Suite 500
Dallas, Texas 75204
Telephone:  (214) 692-6200
Fax:          (214) 692-6255

**ATTORNEYS FOR DEFENDANTS NEW MEXICO BONE AND JOINT INSTITUTE, P.C., AMERICAN FOUNDATION OF LOWER EXTREMITY SURGERY AND RESEARCH, INC., RILEY RAMPTON, DPM, AND LOREN K. SPENCER, DPM**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing instrument was served on the counsel of record in accordance with the Federal Rules of Civil Procedure on April 3, 2024.

*/s/ Noah H. Nadler*
Noah H. Nadler

# EXHIBIT 1



December 8, 2023

<u>**VIA ELECTRONIC AND CERTIFIED MAIL – RETURN RECEIPT REQUESTED**</u>

New Mexico Bone and Joint Institute, PC
2301 Indian Well Road, Suite A
Alamogordo, NM 88310-4611
atenneson@newmexortho.com

RE:   <u>Tervon Dorsey, et al. v. New Mexico Bone and Joint Institute, P.C.; American Foundation of Lower Extremity Surgery and Research, Inc.; Riley Rampton, DPM; and Loren K. Spencer, DPM</u>, No. D-101-CV-2023-01753, in the First Judicial District Court, County of Santa Fe, State of New Mexico ("Claim")
**RESERVATION OF RIGHTS**

| | |
|---|---|
| Insured: | New Mexico Bone and Joint Institute, PC |
| Policy No.: | C37936 ("Policy") |
| Policy Type: | Professional Liability – Occurrence |
| Policy Period: | 08/28/2019 to 08/28/2020 |
| Liability Limit: | $200,000 One Occurrence / $600,000 Aggregate |
| Date of Treatment: | 10/04/2019 |

To Whom It May Concern:

MedPro Group, on behalf of The Medical Protective Company (collectively "MedPro"), acknowledges receipt of the above-referenced Claim and the request for insurance on behalf of New Mexico Bone and Joint Institute, PC ("NMBJI"). After reviewing the Claim and the Policy, MedPro must advise you that certain allegations within the Claim do not qualify for indemnity under the Policy as they are not based on the rendering of failure to render professional services and are subject to an exclusion for intentional torts. In addition, the Policy specifically excludes coverage for any vicarious liability that NMBJI may have for professional services rendered or which should have been rendered by Dr. Riley Rampton and Dr. Loren Spencer, both named defendants; as well as professional services rendered or which should have been rendered by Darrick Dominick and Sara Grzywa, individuals who are not named defendants, but whose conduct is described in the Claim and attributed to NMBJI for purposes of vicarious liability against NMBJI. Finally, the Policy specifically excludes coverage for punitive damages. **Consequently, MedPro must defend NMBJI under a reservation of rights to deny indemnity for excluded conduct, for excluded vicarious liability and for punitive damages.**

Due to the Claim allegations, MedPro must advise you of the potential for a conflict of interest with respect to the company controlling the defense of the Claim under a reservation of rights, and for which NMBJI is entitled to retain independent counsel to defend it against the Claim. Thus, MedPro offers to provide NMBJI with defense counsel as its independent counsel, paid by MedPro, and with the defense of the Claim controlled by NBMJI and defense counsel, but not MedPro. However, defense counsel must report to MedPro on the status of the Claim, defense strategy, recommendations for settlement and/or trial, but not provide any information regarding any issue that MedPro has reserved rights. **If you do not accept the offer of a defense under a reservation of rights, or a defense provided by defense counsel selected by the company to serve as independent counsel, please advise me immediately.**

The basis for MedPro's assessment is set forth in detail below.

## THE CLAIM

The Claim alleges that Dr. Rampton, Dr. Spencer, NMBJI and other defendants conspired through a joint venture and acted intentionally, willfully, and fraudulently by, among other things, making recommendations for, and completing, unnecessary treatment on Tervon Dorsey with the purpose of these surgeries being to make a monetary profit, and to provide opportunities to physicians to meet the requirements for becoming a fellow through defendant American Foundation of Lower Extremity Surgery and Research, Inc. ("AFLESR"). Plaintiff also asserts that charting techniques and billing arrangements were utilized to conceal these acts, consent was not obtained, and financially integrated relationships were not disclosed. The Claim also asserts that some of the treatment performed was negligent so as to cause injury to Mr. Dorsey.

The Claim contains the following causes of action:

- Count I – Medical Negligence and Recklessness
- Count II – Negligent and Reckless Hiring, Training, Supervision, Retention, Policies, and Disclosures
- Count III – Civil Conspiracy and Joint Venture
- Count IV – Fraudulent Concealment and Lack of Informed Consent
- Count V – Unfair Trade Practices
- Count VI – Prima Facie Tort
- Count VIII[1] – Intentional Infliction of Emotional Distress
- Count IX – Loss of Consortium
- Count X – Proximate Cause and Damages, Including Loss of Chance and Punitive Damages

In setting forth the allegations of the Claim, MedPro takes no position as to their merits.

## THE POLICY

The Policy provides as follows:

In consideration of the payment of the premium and subject to the limits of liability and the other terms of this policy, the Company agrees to defend and pay damages, in the name and on behalf of the Insured,

A. In any claim based upon professional services rendered, or which should have been rendered, during the term of this policy by the Insured, or any other person for whose acts or omissions the Insured is legally responsible, in the practice of the Insured's profession as hereinafter limited and defined.

EXCEPT THIS POLICY DOES NOT COVER

\*\*\*

2 payment of damages (BUT WILL DEFEND) in any claim for damages if said damages are in consequence of the performance of a criminal act or willful tort or sexual act;

\*\*\*

5 any punitive damages or damages over and above actual compensatory damages, which may be assessed against the Insured;

\*\*\*

The following definitions shall apply throughout the policy:

1. The word "claim" shall mean an express written demand for money as compensation for civil damages.

\*\*\*

2. The phrase "professional services" shall only include the following:

(a) the rendering of medical, surgical, dental, or nursing services to a patient and the provision of medical examinations, opinions, or consultations regarding a person's medical condition within the Insured's practice

---

[1] The Complaint omits a cause of action titled "Count VII".

as a licensed health care provider. This shall include first aid rendered at the scene of an accident without expectations of monetary compensation.

\*\*\*

ENDORSEMENT TO EXCLUDE SPECIFIED VICARIOUS LIABILITY RISKS

The following exclusion is added:

[EXCEPT THIS POLICY DOES NOT COVER]

any vicarious liability arising from professional services rendered, or which should have been rendered by any of the following individuals:

LOREN SPENCER ANC

\*\*\*

ENDORSEMENT TO EXCLUDE SPECIFIED VICARIOUS LIABILITY RISKS

The following exclusion is added:

[EXCEPT THIS POLICY DOES NOT COVER]

any vicarious liability arising from professional services rendered, or which should have been rendered by any of the following individuals:

DARRICK DOMINICK (03/12/2020 – 07/08/2020)

SARA GRZYWA (03/12/2020 – 07/08/2020)

\*\*\*

ENDORSEMENT TO EXCLUDE SPECIFIED VICARIOUS LIABILITY RISKS

The following exclusion is added:

[EXCEPT THIS POLICY DOES NOT COVER]

any vicarious liability arising from professional services rendered, or which should have been rendered by any of the following individuals:

RILEY RAMPTON (effective 07/11/2020)

\*\*\*

## MEDPRO'S ASSESSMENT

The Policy is triggered by a "claim" based upon "professional services" not excluded pursuant to an exclusion in the Policy. The Policy excludes the payment of damages that "are in consequence of the performance of … a willful tort …" Further, the Policy excludes punitive damages or any damages over and above compensatory damages. Here, the Claim asserts that some or all of the conduct imposing liability may constitute a "willful tort".  The Claim also seeks punitive damages. Liability for damages arising from willful torts and punitive damages are excluded from indemnity, but not defense.

In addition, the Policy contains endorsements specifically excluding any vicarious liability that NMBJI may have arising from professional services rendered or which should have been rendered by Dr. Spencer or Dr. Rampton.  All dates of treatment alleged in the Claim as to these two providers occurred after the effective dates of the endorsements excluding such liability.

The Policy also contains an endorsement specifically excluding any vicarious liability that NMBJI may have arising from professional services rendered or which should have been rendered by Darrick Dominick and Sara Grzywa between March 12, 2020 and July 8, 2020.  Which neither of these individuals is named as a defendant in the Claim, their conduct for treatment dates within the excluded time frame appears to be described in the Claim and attributed to NMBJI for purposes of vicarious liability against NMBJI.  Any such vicarious liability for professional services rendered by these individuals during the noted time period would be excluded under the Policy.

**Consequently, MedPro does not have a duty to indemnify NMBJI for damages arising from any "willful tort," for excluded vicarious liability and for punitive damages; however, the company will provide NMBJI with a full defense against the Claim pursuant to the reservation of rights, and will pay indemnity, if any, for damages arising from medical negligence.**

**Importantly, because the Claim presents conduct and damages potentially within and/or outside the scope of the professional liability insurance provided by the Policy, NMBJI should seek specific jury interrogatories and/or a specific verdict form to allocate such conduct and damages between potentially insured and uninsured claims. The allocation should identify the legal theories and any damages attributable to each for apportionment. The failure to do so may result in MedPro disclaiming any duty to indemnify NMBJI due to its duty to allocate such damages as part of NMBJI's control of the defense. If NMBJI does not seek apportionment, it will need to advise MedPro in advance so that it may have an opportunity to do so by intervention and/or seeking allocation by filing a Complaint for Declaratory Judgment.**

## <u>CONCLUSION</u>

The foregoing offer of courtesy defense and reservation of rights should not be considered exhaustive of the Declarations, Insuring Agreements, Conditions, Definitions, Exclusions, and any endorsements and/or other provisions of the Policy that may bar insurance for other reasons, and this letter should not be construed as a waiver or estoppel of any insurance defenses afforded by the Policy or law. If you or anyone else on NMBJI's behalf has additional information that may affect the insurance assessment, please forward such information to MedPro immediately. If there are any questions regarding the terms of this letter, or regarding the insurance provided under this policy, we encourage NMBJI to seek the counsel of their own attorney at their own expense. If you have any questions for me, please do not hesitate to contact me.

Sincerely,

**Mary Ann Waldon**
Claims Consultant
MedPro Group
Cell: 405-201-6829
maryann.waldon@medpro.com

cc:     Kim Norvell