IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.	No. 1:24-cv-00027 MV/DLM

NEW MEXICO BONE AND JOINT INSTITUTE, P.C.,
AMERICAN FOUNDATION OF LOWER EXTREMITY
SURGERY AND RESEARCH, INC., a New Mexico Corporation,
RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM,
TERVON DORSEY, INDIVIDUALLY, KIMBERLY DORSEY,
INDIVIDUALLY, and KATE FERLIC as GUARDIAN AD LITEM for
K.D. AND J.D., MINORS.

    Defendant

and

NEW MEXICO BONE AND JOINT INSTITUTE, P.C.
RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM.

    Counterclaim Plaintiffs,

v.

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

    Counterclaim Defendants.

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER TO NEW MEXICO BONE AND JOINT INSTITUTE, PC, RILEY RAMPTON, DPM'S AND LOREN K. SPENCER'S COUNTERCLAIM (Doc. 24)**

    For its Answer to the Counterclaim (Doc. 24) filed by New Mexico Bone and Joint Institute, P.C., Riley Rampton DPM and Loren K. Spencer ("NMBJI Defendants") Defendant Travelers Casualty Insurance Company of America ("Travelers") states as follows:

    **A.**    **Response to the "Parties"**

    1.    Travelers admits the allegations in Paragraph 50.

    2.    Travelers admits the allegations in Paragraph 51.

    3.    Travelers admits the allegations in Paragraph 52.

4. Travelers admits the allegations in Paragraph 53 insofar as it states that Travelers is an insurance company incorporated under the laws of the State of Connecticut and maintains its principal place of business in Hartford, Connecticut and does business in the state of New Mexico. Travelers is uncertain what Counterclaimants mean in Paragraph 53 by their statement "Travelers has appeared in this lawsuit." To the extent that this statement refers to the fact that Travelers has brought a claim in this court for a declaratory judgment action, Travelers admits that allegation.

**B.     Response to "Jurisdiction and Venue"**

5. Travelers admits the allegations of Paragraph 54.

6. Travelers admits the allegations in Paragraph 55.

7. Travelers admits the allegations in Paragraph 56.

8. Travelers admits the allegations of Paragraph 57.

**C.     Response to "Facts"**

9. With respect to the allegations of Paragraph 58, Travelers admits only that a Policy was issued and inforce on stated dates and such Policy speaks for itself and Travelers denies any allegation inconsistent therewith.

10. Insofar as the allegations in Paragraph 59 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

11. Insofar as the allegations in Paragraph 60 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

12. Insofar as the allegations in Paragraph 61 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

13. Insofar as the allegations in Paragraph 62 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

14. Insofar as the allegations in Paragraph 63 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

15. Insofar as the allegations in Paragraph 64 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

16. Insofar as the allegations in Paragraph 65 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

17. Insofar as the allegations in Paragraph 66 refer to the terms of the Policy, the Policy speaks for itself and Travelers denies anything inconsistent therewith.

18. Travelers admits the allegations of Paragraph 67.

19. Insofar as the allegations in Paragraph 68 refer to the contents of the Complaint in the underlying state court proceeding, the Complaint speaks for itself and Travelers denies anything inconsistent therewith.

20. Insofar as the allegations in Paragraph 69 refer to the contents of the Complaint in the underlying state court proceeding, the Complaint speaks for itself and Travelers denies anything inconsistent therewith. Travelers denies all other allegations in Paragraph 69.

21. Insofar as the allegations in Paragraph 70 refer to the contents of the Complaint in the underlying state court proceeding, the Complaint speaks for itself and Travelers denies anything inconsistent therewith. The remainder of the allegations state conclusions of law to which no response is required but to the extent that one is required, Travelers denies that the conduct described in the allegations does not fall within the professional services exclusion.

22. Travelers admits the allegations of Paragraph 71.

23. Travelers admits the allegations of Paragraph 72.

24. Travelers is without sufficient knowledge or information to admit or deny the allegations of Paragraph 73.

**D.  Response to Count One – Declaratory Relief**

25. For its response to Paragraph 74, Travelers incorporates Paragraphs 1 through 74.

26. Travelers admits the allegations of Paragraph 75.

27. For its response to Paragraph 76, Travelers admits that there is a controversy between Travelers and the NMBJI Defendants about whether the NMBJI Defendants are entitled to defense and indemnification under the Policy in an underlying state court proceeding. Travelers denies all other allegations.

28. Travelers denies the allegations of Paragraph 77 that it is obligated under the terms of the Policy to defend and indemnify the Counter-claimants, and Travelers admits that as set forth in the complaint it filed in this matter it does not have any obligation under the Policy to defend or indemnify the Counter-claimants.

29. Travelers admits the allegations of Paragraph 78.

**E.     Response to "Prayer"**

30. For its Response to Counter-claimants' "Prayer," Travelers incorporates its responses in Paragraphs 1-78.

31. Travelers denies that the Counter-claimants are entitled to any relief listed under the WHEREFORE clause on page 17 and 18 of its Counterclaim, including:

(a) Travelers denies that Counter-claimants are entitled to the relief requested in subparagraph (a).

(b) Travelers denies that Counter claimants are entitled to the relief requested in subparagraph (b).

(c) Travelers denies that Counter claimants are entitled to the relief requested in subparagraph (c).

32. Travelers denies each and every allegation not specifically admitted above.

## Additional Defenses

1. Counter-claimants claims are barred by the terms of the Policy.

2. Counter-claimants claims are barred in whole or in part by the failure to comply with one or more conditions precedent to recovery of the benefits sought.

3. Travelers does not know which, if any, additional affirmative defenses may apply. Travelers has neither knowingly nor intentionally waived any applicable affirmative defenses. If Travelers later learns that additional affirmative defenses may apply, Travelers will seek leave to amend the answer to raise such other affirmative defenses.

WHEREFORE, Travelers requests that the Honorable Court grant it judgment in its favor as to Counter claimants Complaint, to award it costs, including reasonable attorney's fees for defending this action and to award it such further relief as the Court deems just and proper.

        Respectfully submitted,

        MODRALL, SPERLING, ROEHL, HARRIS
          & SISK, P.A.

        By: */s/ Jennifer A. Noya*
           Jennifer A. Noya
           Shannon N. Nairn
           Post Office Box 2168
           Bank of America Centre, Suite 1000
           500 Fourth Street, N.W.
           Albuquerque, New Mexico  87103-2168
           Telephone: (505) 848-1800
        *Attorneys for Plaintiff/Counterclaim Defendant*

WE HEREBY CERTIFY that on this 5th day of April 2024, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Mollie C. McGraw
McGRAW LAW, LLC
165 W. Lucero Ave.
Las Cruces, NM 88005
505.275.523.4321
mollie@lawfirmnm.com

Allegra C. Carpenter
ALLEGRA CARPENTER LAW FIRM, LLC
500 Tijeras NW
Albuquerque, NM 87102
505.340.6069
Allegra@Allegra-Law.com
*Attorneys for Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D. minors*

Elizabeth K. Watson
John D. Wheeler
JOHN D. WHEELER & ASSOCIATES
P.O. Box 1810
Alamogordo, NM 88311-1810
575.437.5750
jdw@jdw-law.com
ekw@jdw-law.com
*Attorneys for NMBJI, AFLESR, Dr. Spencer, and Dr. Riley*

MODRALL, SPERLING, ROEHL, HARRIS
  & SISK, P.A.

By: */s/ Jennifer A. Noya*
    Jennifer A. Noya