IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                                                                                     No. 2:24-cv-00027-GJF-DLM

NEW MEXICO BONE AND JOINT INSTITUTE, P.C.,
AMERICAN FOUNDATION OF LOWER EXTREMITY
SURGERY AND RESEARCH, INC., a New Mexico Corporation,
RILEY RAMPTON, DPM, LOREN K. SPENCER, DPM,
TERVON DORSEY, INDIVIDUALLY, KIMBERLY DORSEY,
INDIVIDUALLY, and KATE FERLIC, as GUARDIAN AD LITEM FOR
K.D. AND J.D., MINORS.

    Defendants.

**DEFENDANTS TERVON DORSEY, KIMBERLY DORSEY, AND KATE FERLIC, GAL OF K.D. AND J.D., MINORS' REPLY IN SUPPPORT OF THEIR MOTION TO DISMISS TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S DECLARATORY ACTION**

COME NOW, Attorneys Allegra C. Carpenter of Allegra Carpenter Law Firm, LLC and Mollie C. McGraw of McGraw Law, LLC, on behalf of Defendants Tervon Dorsey, Kimberly Dorsey, and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors, ("the Dorsey Defendants") and hereby file this Reply in Support of their Motion to Dismiss the Declaratory Action filed by Travelers Casualty Insurance Company of America ("Plaintiff") or ("Travelers").

**INTRODUCTION**

Plaintiff Travelers' response argument is narrow and isolated, failing to account for the totality of the circumstances before both the state and federal courts. Rather than following Plaintiff Travelers stretched and convoluted arguments, the Dorsey Defendants encourage this

Court to examine this matter from a practical and functional approach. The examination of Travelers' coverage obligations should occur within the existing state action.

## ARGUMENT and AUTHORITY

I. **The exercise of jurisdiction over this declaratory action is at the discretion of this Court.**

Though a district court with proper jurisdiction may resolve a declaratory action, "it [is] under no compulsion" to do so.  *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

Approximately fifty (50) years after *Brillhart*, the Supreme Court fortified that principle, reasoning, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  Likewise, the Tenth Circuit emphasizes that district courts should be afforded substantial discretion and deference in their handling of declaratory actions. *See, e.g.*, *Kunkel v. Continental Cas .Co.*, 866 F.2d 1269 (10th Cir. 1989); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994) (White, J., sitting by designation); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167 (10th Cir. 1995).

In *Kunkel v. Continental Casualty Company*, the Tenth Circuit addressed specifically the circumstance of "where the existence of coverage remain[ed] dependent upon" the determination of facts at issue in underlying or collateral actions. 866 F.2d at 1271.  The Tenth Circuit *Kunkel* Court cautioned that "[a] federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Id.* at 1276 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495). Notably, even Plaintiff's Response emphasized the principle of court discretion, stating, "[w]hether a federal court exercises its discretion depends on the circumstances of each case." [Doc. 31] at 8.

2

Of particular note, the NMBJI (insured's) "Defendants/Counter-Plaintiffs New Mexico Bone and Joint Institute, P.C.'s, Riley Rampton, DPM's, and Loren K. Spencer, DPM's Reply in Support of Counter-Motion for Judgment on the Pleadings" ("Insured-NMBJI Position") (Doc. 35) reinforces – the coverage matters related to Travelers is factually rich and relates to the underlying Unfair Trade Practices claims. Of additional import, NMBJI is currently actively seeking to initiate a third-party action against an additional carrier (CNA) within the state court action. Thus, as the state court will be examining coverage issues, why not consolidate all coverage issues within the same state court action where factual discovery is already underway?

## II.     The Mhoon factors Abundantly favor Dismissal of this Federal Declaratory Action.

As iterated in the Dorsey Defendants' Motion and Plaintiff's Response, the five (5) factors provided in *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994), serve as the guiding principle for this Court to determine if it should exercise its jurisdictional power over a declaratory action. *See* [Doc. 20] at 4; *see also* [Doc. 31] at 3.  While the factors are a means to guide the Court's analysis, "they are not [individually] determinative." *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002) (citation omitted) (meaning, the court should utilize comprehensive case analysis).

### i.     *Mhoon* factors one and two weigh in favor of the Dorsey Defendants.

Under the first two *Mhoon* factors, which examine "the degree of the identity of the parties and issues in the concurrent proceedings", Plaintiff Travelers' arguments fail to make a meaningful distinction between the parties and the claims in the state action and the parallel federal proceeding.[1] *City of Las Cruces*, 289 F.3d at 1183.

---

[1] The Dorsey Defendants concede that Travelers is not a named party in the state court litigation; however, this factor alone is not enough alone to differentiate the parallel state and federal cases when the two matters share an overwhelming amount of similarities in both form and function.

3

In its Response, Plaintiff Travelers attempts to discount the Dorsey Defendants' arguments by questioning the Dorseys' presence in this federal suit, wherein *Plaintiff named the Dorseys as Defendants*.[2] Plaintiff Travelers states "[the Dorsey Defendants] are joined in this proceeding only as potential interested third-party parties[]" and "[t]he Dorsey Defendants attempt to insert themselves into this proceeding", seemingly suggesting that the Dorsey Defendants have no standing, interest, or other ability to dispute federal jurisdiction in this matter. [Doc 31] at p. 5. Plaintiff Travelers' argument is bizarre, insulting, and untenable. As named parties in this federal action, the Dorsey Defendants have the standing to bring pleadings, arguments, and controlling legal authorities in front of this Court. Moreover, the Dorsey family's ability to obtain ultimate concrete finalization of the damages awarded in their underlying state court lawsuit likely hinges on the availability of insurance coverages for NMBJI, Dr. Spencer, and Dr. Riley.

Plaintiff further attempts to distance itself from the Dorsey Defendants' persuasive argument by providing a soliloquy to this Court, erroneously posturing that that the facts from the New Mexico state court lawsuit are wholly distinct from the allegations asserted in this federal case, which are "sole[ly] … contractual." [Doc. 31] at 5. Plaintiff Travelers' argument in this respect is, again, demonstrably flawed. Plaintiff Travelers' federal Complaint specifically refers to the claims in the underlying state court Complaint brought by the Dorsey Defendants. [Doc. 1] at ¶¶ 24-36. Plaintiff Travelers' Complaint also provides characterization, though conflicting, of the Dorsey Defendants' tendered claims as "[arising] from the provision of professional services to Tervon Dorsey" and "torts … [arising] from intentional acts." *Id*. at ¶¶ 39-40. These

---

[2] Similarly, Plaintiff states that NMBJI Defendants have filed a Counter Complaint in the federal suit asking the Court to determine Travelers' obligations. *See* [Doc. 31] at 4. In this argument, Plaintiff fails to note that Defendant NMBJI was forced to file their Answer and Counter Complaint in federal court as a responsive pleading to Plaintiff Travelers' Complaint which was filed in federal court – Defendants NMBJI could not file its responsive pleading to Plaintiff Travelers in the state forum. *See* [Doc. 1]; *see also* [Doc. 24].

4

characterizations stand in stark contrast to Plaintiff Travelers' statement to this Court that "Travelers is not disputing any of the Dorsey Defendants' factual allegations, so they need not litigate them here." [Doc. 31] at p. 6. Through Plaintiff Travelers' characterization of the Dorsey Defendants' claims in the underlying suit as "professional services" and "intentional torts", Plaintiff Travelers is making unilateral factual determinations and thus, implicating necessary litigation of these factual determination and suggesting the same should occur in two (rather than one) distinct forums.

Perhaps most notably demonstrating that the state and federal action are substantially similar and require resolution of facts pertinent to the claims, Plaintiff Travelers' Complaint seeks a judgment from this Court that it "has **no duty to defend or indemnify** New Mexico Bone and Joint Institute, American Foundation of Lower Extremity Surgery, Riley Rampton, DPM, Loren K. Spencer, DPM, for the claims asserted in the Underlying Action[.]" [Doc. 1] at 11 (emphasis added). However, "the **duty to indemnify often 'requires the resolution of material facts**.'" *Acuity v. Astorga*, 2020 WL 8922213, at *5 (citing *City of Albuquerque v. BPLW Architects & Engineers, Inc.*, 213 P.3d 1146, 1155 (N.M. Ct. App. 2009)) (non-precedential) (emphasis added), *see also,* NMBJI Position (Doc 35).

Therefore, this Court should determine due to the shared degree of the identity of the parties and issues in the concurrent proceedings, it is *most* reasonable, judicious, and economical that the necessary fact finding be conducted in a single forum, the one in which the underlying suit was filed – New Mexico state court.

    ii.    <u>***Mhoon* factor three weighs in favor of the Dorsey Defendants.**</u>

The third *Mhoon* factor focuses on procedural maneuvering. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (internal citation omitted). In analyzing this factor,

5

this Court does not need to look further than the timelapse between each of the two filed suits. The first suit filed, the lawsuit brought by the Dorsey Defendants in New Mexico state court, was filed on **July 31, 2023**. *See* [Doc. 20] at 2. Plaintiff Travelers then waited approximately five (5) months before initiating its Complaint in this second suit, the federal action, on **January 1, 2024**. *See* [Doc. 1] at 1. In its Response, Defendant engages in a five (5) paragraph analysis as to why it was not compelled to file the second suit on an earlier date, as well as a sidebar explanation as to why it does not believe it must file in state court. *See* [Doc. 31] at pp. 6-7. Through all of its reasoning, Defendants attempt to distract from the most basic question – if this issue was so urgent and is determinative of Travelers' involvement in the underlying litigation, why did it not file its suit in any of the immediate months following the filing of the underlying state suit? Rather, Travelers has waited until the underlying suit engaged in in-depth discovery and dispositive motion practice. *See* Docket, *Dorsey et al.* v. NMBJI et al., D-101-CV-2023-01753, filed in State of New Mexico, First Judicial District Court.

Travelers has not only made their procedural move in a delayed manner, but in doing so, has attempted to further "chop up" this litigation by seeking to litigate substantially similar matters unnecessarily in a separate forum. The Dorsey Defendants proffer that should this Court should – via dismissing this action - seek to balance Plaintiff Travelers' late procedural tactic with the suggestion that it bring its claims within the New Mexico First Judicial District Court.  This is to the benefit of all parties and serves judicial economy.[3]

---

[3] New Mexico state courts also provide an avenue for bringing declaratory judgment suits. *See* Rule 1-057 NMRA.

### iii. *Mhoon* **factor four weighs in favor of the Dorsey Defendants.**

The fourth *Mhoon* factor examines "whether use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction[.]". *Mhoon*, 31 F.3d at 983 (internal citation omitted).

Notably, Plaintiff Travelers' response relies heavily on the unpublished case *Hartford Fire Ins. Co. v. Gandy Dancer, LLC*. No. CIV 10-0137 JB/RHS, 2011 WL 1336523 (D.N.M. Mar. 30, 2011) (non-precedential). In relying on *Gandy Dancer*, Plaintiff Travelers proffers "[c]oncurrent federal and state suits are not 'parallel' unless they involve substantially the same parties litigating substantially the same issues." [Doc. 31] at 8. This Travelers' argument is inapposite here because the same parties and the same issues are *substantially* the same.[4] As the Dorsey Defendants have set forth herein, Plaintiff's attempt to distinguish this action as "purely contractual" is unconvincing. In its Complaint, Plaintiff Travelers has alleged a distinct characterization of the Dorsey Defendants' claims, not contained on the face of the Complaint in the underlying suit and also seeks a finding regarding its duty to indemnify which implicates necessary fact finding. Even insured NMBJI's Position pleading (Doc 35), asserts that these issues are fact dependent.

Therefore, to best preserve the proper separation of state and federal court and to allow the state court to engage in its fact-finding mission, it is most prudent if the Travelers' Complaint is heard in New Mexico state court rather than federal court.

### iv. *Mhoon* **factor five weighs in favor of the Dorsey Defendants.**

The fifth *Mhoon* factor analyzes "whether there is an alternative remedy which is better or more effective." *Mhoon*, 31 F.3d at 983 (internal citation omitted). As the Dorsey Defendants have proffered, Plaintiff's belated procedural attempt, through the filing of this suit in a different forum

---

[4] Dorsey Defendants concede that Travelers is not a named party in the state case, but assert that this alone does not defeat the "substantially similar" parallel classification.

from the underlying case, serves no other purpose other than to "chop up" litigation and in doing so, unnecessarily expends resources from this Court, New Mexico state court, and the parties.

Furthermore, upon information and belief, Defendant NMBJI fully intends (without opposition by the Dorseys), in the immediate future, to bring a third-party complaint against another insurance carrier, CNA, within the existing New Mexico state court. It is obvious that all coverage issues should be resolved there.

It is an enduring principle that confining all cases to a single jurisdiction and a single judge promotes judicial efficiency and conservation of judicial resources. *See Brillhart v. Excess Ins. Co.* 316 U.S. 491, 495 (1942) (where the Court cautioned against "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation."); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

## **CONCLUSION**

WHEREFORE, the Dorsey Defendants respectfully request this Court grant their Motion to Dismiss Travelers Casualty Insurance Company of America's federally filed Declaratory Action and award any further relief deemed just and proper.

Respectfully Submitted,

*"Electronically Submitted"*

/s/ Mollie C. McGraw
Mollie C. McGraw
McGraw Law, LLC
165 W. Lucero Ave.
Las Cruces, NM 88005
(575) 523-4321
mollie@lawfirmnm.com

-and-

Allegra C. Carpenter
Allegra Carpenter Law Firm, LLC
500 Tijeras NW
Albuquerque, NM 87102
(505) 340-6069
Allegra@Allegra-Law.com

*Attorneys for Defendants Tervon Dorsey, Kimberly Dorsey and Kate Ferlic, as Guardian ad Litem for K.D. and J.D., minors.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was delivered via CM/ECF to all counsel of record on this 10th day of May 2024.

*"Electronically Submitted"*

/s/ Allegra C. Carpenter
Allegra C. Carpenter