IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Damian L. Martinez
United States Magistrate Judge

### CLERK'S MINUTES

*Travelers Cas. Ins. Co. of Am. v. N.M. Bone & Joint Inst. P.C.*
2:24-cv-0027 MV/DLM

**October 30, 2024**

| | |
|---|---|
| **Attorney for Plaintiff:** | Jennifer Noya |
| **Attorney for Defendants**: | Elizabeth Watson; Noah Nadler; Stafford Brantley; Allegra Carpenter; Mollie McGraw; Andre Archuleta |
| **Proceeding**: | Motion Hearing |
| **Start Time:** | 10:30 a.m. |
| **Stop Time:** | 11:25 a.m. |
| **Total Time:** | 55 minutes |
| **Clerk:** | DKF |

**NOTES**

- The Court greets the parties and confirms that Jennifer Noya will speak for Travelers; Noah Nadler will speak for the State Defendants (NMBJI, AFLESR, Rampton, Spencer); and Allegra Carpenter will speak for the State Plaintiffs (Dorsey, Ferlic).

- Judge Vázquez referred the motion to dismiss to Judge Martínez, and he has some questions.

- The Court asks Noya about allegations of diversity. Noya affirms that the diversity requirements were met. The Court will enter an order that Travelers file an Amended Complaint.

- The Court notes that the State Plaintiffs failed to note in the motion that they conferred with opposing counsel under DNM LR-Civ. 7.1.

- Noya states that Travelers and the named insureds agree this action is appropriately decided in the federal action. It is only the State Plaintiffs who object.

- Nadler confirms that the State Defendants do not join in the Dorseys' motion. The Court asks if Nadler believes this should be decided here, or if there is something happening in

state court that would make it appropriate for this action to be decided in state court. Nadler said he was ready to proceed in this case. Now, though, there is a coverage action in the state court action, so there could be some potential inconsistencies because it has similar legal issues. He still believes that jurisdiction was proper in this court. The Court asks if he still believes that, given the new issue in state court. Nadler states jurisdiction is still proper, but Travelers did not meet and confer with them regarding the motion for judgment on the pleadings. Those motions are ready for this Court to rule on.

- The Court understands that AFLESR that filed the Third Party Complaint in state court. Nadler confirms that was his team. The Court asks why he didn't file it here. Nadler states it is not a declaratory judgment action – it has breach of contract and bad faith claims. The Court asks if the state court will decide similar coverage issues. Nadler agrees that may be the case. The Court asks if that could lead to differing outcomes. Nadler agrees.

- The Court talks about timing, where do the parties believe they will get a decision faster? Nadler believes state court will decide it faster – once a motion is set for a hearing, you normally get a decision within 30 days. It is his experience that decisions are slower from the federal court.

- Carpenter does not believe that the coverage issues have been fully briefed in state court. She believes it is an evidentiary matter; the contours of the claims are factually rich. Travelers can easily move to intervene in the state court action. She does not dispute that the federal court has jurisdiction. Carpenter believes there is significant guidance in caselaw about when the federal court should decline to exercise jurisdiction.

- The Court asks why the State Plaintiffs have any skin in the game of the insurance coverage dispute. Carpenter states that it relates to her client being able to recover. Carpenter points to St. Paul Fire, Brillhart. The Court asks if, in those cases, the state court plaintiff is the party asking for the relief. Carpenter does not have a case on point, but she is a named defendant in this federal action, and she believes that gives her client a right to bring this motion.

- The Court asks Travelers why the Court should not stay the case given the Third Party Complaint in the state court. Noya states her policy is different, and she has a right to file an action in federal court for a declaration. Here, all *Mhoon* factors weigh in favor of exercising discretion: Travelers is not a party in the state court; AFLESR's complaint is a separate issue; the State Defendants do not object to having this issue heard here; the complaint is about coverage issues.

- The Court asks about negligence claims that would require Travelers to cover them. Noya does not believe so: NMSC in Millers has addressed these circumstances and found that these types of claims fell within a professional services exclusion. Merely calling a professional liability claim something else does not mean that it is not still excluded under this policy exclusion. The exclusion in the policy is broader than just medical malpractice claims; they believe it applies to the complaint in its entirety.

- The Court asks Carpenter about factual issues she believes need to be determined in state court that would require this Court to dismiss/stay the dec action. The contours that Carpenter believes overlap with actual determinations are whether the professional services exclusion relates to UPA, negligent training, civil conspiracy/joint venture, fraudulent concealment claims, and how those relate to the medical malpractices act.

- The Court asks what discovery would need to happen. To decide the dec action, the Court looks at the state complaint and accepts the facts as true, applies them to the policy, and determines whether there is coverage. Carpenter believes they need to look at the existence/strength of the Plaintiffs' claims on the UPA action and to Defendants' website/advertising/communications with the 49th. The Court asks how that would impact coverage.

- Nadler states that there are factual issues on the duty to indemnify. But Travelers moved for judgment on the pleadings on the duty to indemnify. The State Defendants believe there are factual issues for the duty to indemnify; not the duty to defend.

- Nadler disagrees that the two policy exclusions are that different. He believes it would be wise to stay this case until the state court case resolves; that way we do not have any conflicting rulings on the exclusion provisions.

- Noya states there are practical implications. If policy limits demand, Travelers believes it has no obligations. She believes the coverage issue should be decided sooner rather than later. Based on the state complaint, there is no coverage OR indemnification obligations. She believes it would be fundamentally unfair not to have the action heard here because she meets the *Mhoon* factors. If there is no duty to defend, there will be no duty to indemnify.

- Carpenter believes the state court action will result in a faster result. She believes that the *Mhoon* factors favor the Dorseys. The priority should be judicial efficiency, which is met by consolidating all of it in the state court action.

- Nadler believes there is a duty to defend: DTPA claim cannot be medical malpractice. If there is a duty to defend, the duty to indemnify will have numerous factual questions.

- The Court believes this is a close call and hopes to get a PFRD filed in the next week or two. The parties will have 14 days to file objections.

- There being nothing further, the Court adjourns.