IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Plaintiff,

v.                                                                       No. 2:24-cv-0027 MV/DLM

NEW MEXICO BONE AND JOINT INSTITUTE,
P.C.; AMERICAN FOUNDATION OF LOWER
EXTREMITY SURGERY AND RESEARCH, INC.,
a New Mexico Corporation; RILEY RAMPTON, DPM;
LOREN K. SPENCER, DPM; TERVON DORSEY,
Individually; KIMBERLY DORSEY, individually; and
KATE FERLIC as GUARDIAN AD LITEM for K.D.
and J.D., Minors,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Travelers Casualty Insurance Company of America (Travelers) issued a Commercial General Liability Policy (CGL Policy) to New Mexico Bone and Joint Institute, P.C. (NMBJI). The CGL Policy covers NMBJI and two of its physicians, Riley Rampton and Loren Spencer (the CGL Policy Insureds). Tervon Dorsey, Kimberly Dorsey, and Kate Ferlic, as guardian ad litem for K.D. and J.D., minors (the State Plaintiffs) filed a medical malpractice suit against NMBJI and others in state court, and Travelers is providing a defense under a reservation of rights. Travelers has since filed a declaratory judgment action in this Court seeking a declaration on whether the CGL Policy requires it to defend or indemnify the CGL Policy Insureds in the underlying state action. Travelers contends that the CGL Policy's "Professional Services" and "Expected and Intended Injury" exclusions preclude coverage.

The State Plaintiffs move to dismiss and ask the Court to decline to exercise jurisdiction

over the federal declaratory judgment action or, alternatively, to stay this lawsuit pending resolution of the state suit. The Court held a hearing on the motion on October 30, 2024, during which counsel for both Travelers and the CGL Policy Insureds stated that they are ready to proceed with the federal declaratory judgment action. Having considered the parties' arguments and the five *Mhoon* factors, the undersigned recommends that the Court **DENY** the State Plaintiffs' motion to dismiss.[1]

I.   **Factual Background**[2]

Travelers is a Connecticut insurance company that does business in New Mexico. (Doc. 1 ¶ 1.) NMBJI "is a New Mexico professional corporation" that employs podiatric physicians Drs. Rampton and Spencer. (*See id.* ¶¶ 2, 4–5, 13.) American Foundation of Lower Extremity Surgery and Research, Inc. (AFLESR) is a non-profit organization that "provides fellowships, scholarships, and research opportunities for those interested in advancing their medical education." (*Id.* ¶¶ 3, 26.) To this end, AFLESR sponsors medically trained fellows who work at NMBJI. (*See id.* ¶ 26.) The State Plaintiffs allege that these two organizations are "closely associated": Spencer is both the Treasurer of NMBJI and the Director and President of AFLESR. (*Id.* ¶¶ 5, 7.)

Travelers issued the CGL Policy at issue to NMBJI for the period from January 3, 2020, through January 3, 2021. (*Id.* ¶ 14; *see also* Doc. 1-1 at 2.) The parties seemingly agree that the CGL Policy covers NMBJI, Rampton, and Spencer as insureds, but not AFLESR. (*See* Docs. 3 at 8–9; 25 at 13.) The CGL Policy coverage includes "those sums that the insured becomes legally

---

[1] Senior United States District Judge Martha Vázquez entered an Order of Reference on October 8, 2024, referring the Motion to Dismiss to the undersigned magistrate judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 41.)

[2] The Court recites the facts relevant to this motion as they are derived from the Complaint for Declaratory Relief (Doc. 1 (Compl.)) and the exhibits attached thereto.

obligated to pay as damages because of 'bodily injury' or 'property damage'" that "is caused by an 'occurrence' that takes place in the 'coverage territory'" and "during the policy period . . . ." (Doc. 1 ¶¶ 16–17; *see also* Doc. 1-1 at 91.) The CGL Policy contains two relevant exclusions. The "Professional Health Care Services" exclusion[3] excludes coverage for "'[p]ersonal injury' or 'advertising injury' arising out of providing or failing to provide 'professional health care services.'" (*See* Doc. 1 ¶ 22; *see also* Doc. 1-1 at 122).) The "Expected or Intended Injury" exclusion excludes coverage for "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured." (*See* Doc. 1 ¶ 21; *see also* Doc. 1-1 at 92.)

According to the complaint filed in the state lawsuit, Tervon Dorsey saw Dr. Spencer at NMBJI for podiatry consultations on October 4, 2019, and April 7, 2020. (Doc. 1-2 ¶¶ 39, 47.) Dr. Spencer and two AFLESR fellows performed surgery on Dorsey's left ankle on February 5, 2020, and on his right ankle on May 27, 2020. (*Id.* ¶¶ 45, 48.) Dorsey asserts he was not informed that the AFLESR fellows would be present at or participate in the surgeries. (*See id.* ¶ 49.) Dorsey further asserts that Dr. Rampton, an AFLESR fellow, performed a faulty nerve block cortisone injection on Dorsey's right ankle without supervision on April 11, 2020, further injuring Dorsey. (*See id.* ¶¶ 10, 40, 52–53, 56.)

The State Plaintiffs filed suit in state court on July 31, 2023. (*See id.* at 1.) *See also Dorsey v. N.M. Bone & Joint Inst.*, D-101-CV-2023-01753 (N.M. 1st Jud. Dist. Ct., July 31, 2013). They allege that NMBJI, AFLESR, Spencer, and Rampton (the State Defendants[4]) "were engaged in a joint venture/enterprise" with the "shared interest and objectives in having their health care

---

[3] Travelers generally refers to this exclusion as the "Professional Services" exclusion (*see* Docs. 1 ¶¶ 39, 45–46; 31 at 2, 10–11), and the undersigned will do the same.

[4] To be clear, the CGL Policy Insureds include NMBJI, Rampton, and Spencer, while the State Defendants include those three defendants *and* AFLESR.

3

providers . . . perform hasty medical work that fulfilled fellowship criteria and led to company profits, but that were not properly supervised." (Doc. 1-2 ¶¶ 16–17.) The state complaint includes claims for: (1) medical negligence and recklessness, i.e., by basing their medical recommendations on profit and surgical opportunities for AFLESR fellows rather than on the best interest of their patients and by failing to inform patients that fellows were performing procedures (*id.* ¶¶ 65–68); (2) negligent and reckless hiring, training, supervision, retention, policies, and disclosures (*id.* ¶¶ 69–75); (3) civil conspiracy and joint venture by intentionally deceiving patients about the nature of their relationship (*id.* ¶¶ 76–87); (4) fraudulent concealment and lack of informed consent "by making inaccurate and misleading notes in the patient record" (*id.* ¶¶ 88–92); (5) unfair trade practices (*id.* ¶¶ 93–103); (6) prima facie tort (*id.* ¶¶ 104–07); (7) intentional infliction of emotional distress (*id.* ¶¶ 108–10); (8) loss of consortium (*id.* ¶¶ 111–21); and (9) proximate cause and damages, including loss of chance and punitive damages (*id.* ¶¶ 122–26).

Although Travelers contends that all claims are excluded from coverage by the Professional Services exclusion or the Expected or Intended Injury exclusion, it commenced defense of the state lawsuit under a reservation of rights. (*See* Doc. 1 ¶ 41.) On January 9, 2024, Travelers filed this Complaint for Declaratory Relief and asks the Court to declare that Travelers has no duty to defend or indemnify the CGL Policy Insureds in the underlying state lawsuit. (*See id.* at 1, 11.) The State Defendants have filed an Answer and Counterclaim. (Doc. 24.)

Travelers has moved for judgment on the pleadings. (Doc. 3.) In their response, the CGL Policy Insureds also moved for judgment on the pleadings. (Doc. 25.) The State Plaintiffs seek dismissal and ask the Court to decline to exercise jurisdiction or, alternatively, to stay this action pending resolution of certain factual issues by the state court. (*See* Doc. 20.) Only the motion to dismiss is before the undersigned. (*See* Doc. 41.)

Since the parties completed briefing of the State Plaintiffs' motion, there has been activity in the state lawsuit that is relevant to the motion to dismiss.[5] On May 14, 2024, AFLESR filed a third-party complaint against its own insurer, Continental Casualty Company (Continental). *See Dorsey*, D-101-CV-2023-01753, Third Party Compl. (N.M. 1st Jud. Dist. Ct. May 14, 2024). AFLESR asserts that Continental has a duty to defend and/or indemnify AFLESR under their insurance contract and has breached that duty by refusing to defend AFLESR in the state action. *See, e.g.*, *id.* ¶¶ 4, 20–24. The Continental policy also contains a "Professional Services" exclusion very similar to the one at issue in this action, which excludes coverage for:

> "Bodily injury," "property damage," "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:
> (1) Legal, accounting or advertising services; . . . .
> (4) Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
> (5) Any health or therapeutic service treatment, advice or instruction . . . .

*Id.* ¶ 11.

AFLESR alleges that Continental has twice "refused to defend or indemnify AFLESR, Dr. Rampton[,] and Dr. Spencer based on the professional services exclusion in the policy and another inapplicable exclusion." *See id.* ¶¶ 16–17. AFLESR asserts three claims against Continental: bad faith, breach of the implied covenant of good faith and fair dealing, and bad faith under the New Mexico Insurance Code. (*Id.* ¶¶ 20–35.) Counsel for AFLESR confirmed at the hearing that its complaint does not include a request for a declaratory judgment.

---

[5] The Court may take judicial notice of state court proceedings relevant to the motion to dismiss. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) ("tak[ing] judicial notice of the pleadings and other documents of public record" filed in another court) (citing Fed. R. Evid. 201(b)(2) (subsequent citation omitted); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (explaining that courts "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue.") (citations omitted).

## II. The undersigned recommends the Court deny the motion to dismiss.

Under the Declaratory Judgment Act, a court with jurisdiction "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). The Court's exercise of jurisdiction under the Act is discretionary. *See Farmers Ins. Co. of Ariz. v. Castillo*, No. 17-CV-389 MV/SCY, 2019 WL 1383531, at *2 (D.N.M. Mar. 27, 2019) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Thus, before exercising jurisdiction where there is a parallel state proceeding, the Court is obligated "to ascertain whether the issues presented 'can better be settled in the proceeding pending in the state court." *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). Nevertheless, "the Tenth Circuit has expressed the utility of such relief in insurance coverage disputes." *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1232 (D.N.M. 2018) (citing *W. Cas. & Surety Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968) ("[A] declaratory action by an insurer to establish nonliability under casualty insurance [is] one of the prime purposes of the Declaratory Judgment Act."); *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) ("We have expressly recognized that one of the primary functions of the Act is to provide the [insurer] such a forum.")).

In deciding whether to exercise jurisdiction under the Act, the Tenth Circuit has outlined five factors (the *Mhoon* factors) to consider:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quotation omitted).

      A.      **The first two *Mhoon* factors weigh in favor of exercising jurisdiction.**

"The first two *Mhoon* factors focus on the degree of identity between the parties and issues in the state and federal suits." *First Nat'l Ins. Co. of Am. v. Xahuentitla*, 439 F. Supp. 3d 1249, 1254–55 (D.N.M. 2020) (quotation omitted). "[T]he likelihood a declaratory judgment will resolve the immediate dispute between the parties may tip the scales in favor of exercising jurisdiction[,] . . . [while] the existence of outstanding claims in a parallel state court action may counsel a different conclusion." *Id.* (alteration in original) (quoting *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012)). Whether the Court "should focus on just the controversy between the federal parties or consider additional parties to the state suit depends on the particular facts of each case, but it may be '[e]specially relevant . . . [where] the state court action would necessarily resolve the issues in the declaratory judgment action.'"[6] *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1232 (D.N.M. 2018) (quoting *Mid-Continent Cas. Co.*, 685 F.3d at 982 n.3).

      1.      **Travelers is not a party to the state suit.**

The State Plaintiffs rely on *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) to argue that "the state court can necessarily determine rights and obligations under the contract." (Doc. 20 at 4.) In *Runyon*, the insured and the insurer were both parties to the federal declaratory judgment action and the state court breach-of-contract suit, and the coverage dispute was directly at issue in both courts. *See Runyon*, 53 F.3d at 1168. Thus, the Tenth Circuit

---

[6] Travelers asserts that the "*Mhoon* factors do not examine whether this action will resolve the controversies in the **underlying** case[,]" but in **this** case. (Doc. 31 at 4.) The undersigned disagrees, as the Tenth Circuit considered this very issue in *Mid-Continent Casualty Co. v. Village at Deer Creek Homeowners Association* and "endorsed the use of a flexible standard dependent upon the facts of a particular case." *See Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299 MCA/LAM, 2014 WL 11515028, at *10 (D.N.M. Mar. 31, 2014) (discussing *Mid-Continent Cas. Co.*, 685 F.3d at 982 n.3).

affirmed the district court's decision declining to exercise jurisdiction over the federal action. *See id.* at 1170. Here, Travelers is not a party to the state lawsuit, nor have the CGL Policy Insureds raised the issue in state court of whether Travelers has a duty to defend them. *See generally Dorsey*, D-101-CV-2023-01753 (N.M. 1st Jud. Ct.).

The fact that AFLESR filed a third-party complaint against its own insurer in the state suit complicates this analysis. At first glance, AFLESR's third-party complaint appears to inject a nearly identical issue into the state suit, making a stay in this matter more appropriate. Still, when the undersigned raised this issue at the hearing, the State Plaintiffs mounted no effective argument to establish that a decision on AFLESR's third-party complaint will fully control a decision on Travelers' declaratory judgment action.[7] (*See* Doc. 44.) Moreover, it bears repeating that Travelers is not a party to the state suit, nor have the State Plaintiffs offered authority that would require Travelers to intervene. Thus, even after the state court decides AFLESR's claims against Continental, the questions at issue in this lawsuit will remain unanswered without further litigation. While it is a close issue, the undersigned finds that a decision on AFLESR's third-party complaint will *not* "resolve the immediate dispute between the parties" in the federal case. *See Mid-Continent Cas. Co.*, 685 F.3d at 982 n.3.

### 2. The State Plaintiffs identify no factual issues that require determination.

The State Plaintiffs argue that the Court should not exercise jurisdiction because it may not decide the coverage question "without first determining numerous facts that are in dispute." (Doc. 20 at 5.) In resolving the question of whether Travelers has a duty to defend its insureds, the Court must compare the factual allegations within the underlying state complaint with the insurance

---

[7] Counsel for the State Defendants, who did not file a brief in response to the motion to dismiss, asserted at the hearing that there is a possibility for conflicting rulings on the exclusion provisions. (*See* Doc. 44 at 3.)

policy. *See Hartford Fire Ins. Co. v. Gandy Dancer, LLC*, 981 F. Supp. 2d 981, 1006 (D.N.M. 2013) (citing *Miller v. Triad Adoption & Counseling Servs., Inc.*, 65 P.3d 1099, 1103 (N.M. Ct. App. 2003); *Lopez v. N.M. Pub. Sch. Ins. Auth.*, 870 P.2d 745, 747 (N.M. 1994)). "If a complaint 'states facts that bring the case within the coverage of the policy,' then the duty to defend will be triggered." *Id.* (quoting *Bernalillo Cnty. Deputy Sheriffs Ass'n v. Cnty. of Bernalillo*, 845 P.2d 789, 791 (N.M. 1992)). If the Court finds that one of the claims has the potential of coverage, then the insurer's duty to defend generally "lasts until the conclusion of the underlying lawsuit, or until it has been shown that there is no potential for coverage" for any claim that may fall within the insurance contract. *Id.* (quoting *Guest v. Allstate Ins. Co.*, 244 P.3d 342, 348 (N.M. 2010)). "Known, but unpleaded facts, may bring a claim within the policy's coverage at the beginning of the litigation or at a later stage." *Id.* (citing *Am. Gen. Fire & Cas. Co. v. Progressive Cas. Co.*, 799 P.2d 1113, 1116 (N.M. 1990)). "If the allegations of the complaint or the alleged facts tend to show that an occurrence comes within the coverage of the policy, the insurer has a duty to defend regardless of the ultimate liability of the insured." *Id.* (quoting *Miller*, 65 P.3d at 1103).

The State Plaintiffs contend there are "fact-dependent issues" that preclude a decision on the duty to defend, including: (1) "which of [the State Plaintiffs'] claims fall within the exclusions provided in the Travelers policy"; (2) the contours of those claims and whether they meet the definition of podiatrist professional negligence"; (3) whether the claims are instead "administrative negligence, including but not limited to claims of negligent hiring, training, supervision, patient management, consent fraud[,] and unfair trade practices." (Doc. 20 at 5.) The State Plaintiffs rely on *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989), where the Tenth Circuit stated that "[a] federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another

proceeding." (*See* Doc. 20 at 5.) The Tenth Circuit immediately went on to say, however, that "nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." *Kunkel*, 866 F.2d at 1276.

At the hearing on this matter, the undersigned asked counsel for the State Plaintiffs to outline the alleged factual issues. Counsel for the State Plaintiffs responded largely by listing the claims at issue in the state suit. (*See* Doc. 44 at 3.) In their reply brief, the State Plaintiffs state that "the duty to indemnify often requires the resolution of material facts." (Doc. 36 at 5 (quoting *Acuity v. Astorga*, No. 20-cv-37 SWS/MLC, 2020 WL 8922213, at *5 (D.N.M. Apr. 16, 2020)) (quotation marks omitted).) Yet the Court need not necessarily decide at this time whether Travelers has a duty to *indemnify*, a question which often hinges on the resolution of factual disputes. *See Hartford Fire Ins. Co.*, 981 F. Supp. 2d at 1007 ("A court will leave[ ] for later determination whether the insurer must indemnify the insured, because that ultimate determination is based on whether the insurer became legally obligated to pay damages because of a bodily injury or property damage that does, in fact, fall under the policy coverage.") (quotation marks and citation omitted). The more immediate question, which both Travelers and the CGL Policy Insureds believe is properly before this Court (*see* Doc. 44 at 1), is whether Travelers has a duty to *defend*. The Court may well find after examining the cross-motions for judgment on the pleadings that "the factual allegations in the complaint are ambiguous" and the Court is unable to determine whether the "exclusion[s] relieve[ the] insurer from a duty to defend . . . ." *See Farm Bureau Prop. & Cas. Ins. Co. v. OE Trucking*, No. CV 22-501 KK/JFR, 2023 WL 1861411, at *6 (D.N.M. Feb. 9, 2023) (quoting *Millers Mut. Fire Ins. Co. v. Montoya*, No. Civ 99-1325 MV, 2000 WL 36739555, at *4 (D.N.M. Nov. 13, 2000); *Capitol Specialty Ins. Corp.*, 2014 WL 11515028, at *11). At this juncture,

however, the State Plaintiffs have not shown such factual ambiguities exist.

Having considered the parties' briefs on the motion to dismiss and the arguments at the October 30, 2024 hearing, the undersigned finds that the State Plaintiffs fail to establish there are factual disputes that must be resolved before the Court may determine whether Travelers has a duty to defend the CGL Policy Insureds. On balance, the Court finds that because Travelers is not a party to the state suit, the issue of whether Travelers has a duty to defend is not pending before the state court, and it does not appear there are factual issues that must be decided before making a coverage determination, the first two *Mhoon* factors weigh in favor of moving forward with the federal declaratory judgment action.

### B. The third *Mhoon* factor is neutral.

"The third *Mhoon* factor [considers] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing.'" *Castillo*, 2019 WL 1383531, at *4 (quoting *Mhoon*, 31 F.3d at 983). The State Plaintiffs argue that this factor weighs in favor of dismissal, as Travelers filed the federal suit after the State Plaintiffs filed the state suit. (Doc. 20 at 5–6.) "But the order and timing of filing alone is not enough to show procedural fencing—some allegation of improper use of timing or procedure to manipulate the courts is required." *See Atyani*, 338 F. Supp. 3d at 1233. Because the coverage issue was not before the state court when Travelers filed this suit, the undersigned finds no evidence of procedural fencing.[8] The third *Mhoon* factor is neutral.

### C. The fourth and fifth *Mhoon* factors weigh slightly against exercising jurisdiction.

"The fourth and fifth *Mhoon* factors pertain to whether the federal court's jurisdiction would encroach on state jurisdiction, and whether an alternative remedy would be better or more

---

[8] At the hearing, the State Plaintiffs did not raise the issue of procedural fencing with respect to AFLESR's third-party complaint (*see* Doc. 44); nor could they, as AFLESR's state claims were appropriately alleged in the state lawsuit.

effective." *Castillo*, 2019 WL 1383531, at *5 (citing *Mhoon*, 31 F.3d at 983). The State Plaintiffs argue that if Travelers were to intervene in the state action, a state court decision on all claims would "provide[] a more efficient and comprehensive remedy." (Doc. 20 at 6.) Travelers responds that it has a right to file a declaratory judgment action in federal court, and it may be prejudiced by a delay in deciding this issue if it is served with a policy limit demand letter. (*See* Doc. 44 at 2–3.) The undersigned agrees Travelers had a right to file its action in this Court; of course, the Court is not obligated to exercise jurisdiction. *See Wilton*, 515 U.S. at 288.

"The final *Mhoon* factors are concerned with whether a declaratory judgment in federal court would prevent the state court from determining the same issue or lead to friction between two conflicting resolutions of the same dispute." *Castillo*, 2019 WL 1383531, at *5 (quoting *Atyani*, 338 F.3d at 1233). The undersigned was indeed concerned that exercising jurisdiction over Travelers' suit could encroach on state jurisdiction due to AFLESR's third-party complaint. Additionally, conflicting decisions might result in further litigation, thereby burdening judicial resources. As detailed above, however, the state court is not currently tasked with determining the same issue that is fully briefed and ready for resolution in this Court.[9] And although there is a possibility that the two issues may result in conflicting resolutions, a state court decision on AFLESR's third-party complaint would not completely resolve the issue here; additional litigation will likely still be required on the separate Travelers policy. On balance, the undersigned finds that the fourth and fifth factors weigh slightly against exercising jurisdiction.

---

[9] The Court also notes that the state court scheduling order mandates that "[t]he parties shall conduct a mediation on or before February 21, 2025 . . . ." *See Dorsey*, D-101-CV-2023-01753, Rule 16B Sched. Ord. at *7 (N.M. 1st Jud. Dist. Ct. Feb. 12, 2024). Thus, there is a possibility the parties will settle the underlying suit before the state court has an opportunity to resolve the coverage issue.

### D.     Conclusion

The circumstances here are unique and present a close call. The first two *Mhoon* factors weigh in favor of exercising jurisdiction, the third factor is neutral, and the fourth and fifth factors weigh slightly against exercising jurisdiction. The fact that both the insurance company and its insureds are ready to proceed in this Court with the federal declaratory judgment action helps tips the scale toward exercising jurisdiction. It is only the State Plaintiffs who sought to dismiss or stay the matter, but they have neither found precedent that would require the Court to do so under these circumstances, nor have they convincingly outlined factual issues that preclude the Court from deciding Travelers' lawsuit. Accordingly, the undersigned recommends that the Court deny the motion to dismiss.

**IT IS HEREBY RECOMMENDED** that the State Plaintiffs' motion to dismiss (Doc. 20) be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE