IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                                            No. 2:24-cv-0027 MV/DLM

NEW MEXICO BONE AND JOINT INSTITUTE, P.C.,
AMERICAN FOUNDATION OF LOWER EXTREMITY
SURGERY AND RESEARCH, INC., a New Mexico
Corporation, RILEY RAMPTON, DPM, LOREN K.
SPENCER, DPM, TERVON DORSEY, individually,
KIMBERLY DORSEY, individually, and KATE FERLIC
as GUARDIAN AD LITEM for K.D. and J.D., MINORS,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING
AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on: (i) United States Magistrate Judge Damian Martínez's Amended Proposed Findings and Recommended Disposition ("PFRD") filed May 8, 2025 (Doc. 60); and (ii) the objections and response thereto (Docs. 61–63). In the PFRD, Judge Martínez recommends granting Travelers' Motion for Judgment on the Pleadings (Doc. 3), denying the Motion to Strike (Doc. 21), and denying Defendants/Counter-Plaintiffs' Counter-Motion for Judgment on the Pleadings (Doc. 25). For the reasons set forth herein, after its de novo review, the Court finds that the Objections are not well-taken and will be overruled, the Amended PFRD will be adopted, Travelers' Motion for Judgment on the Pleadings will be granted, the

Motion to Strike will be denied, and the Counter-Motion for Judgment on the Pleadings will be denied.

## BACKGROUND

Travelers Casualty Insurance Company of America ("Travelers") issued a Commercial General Liability Policy ("CGL Policy") to the New Mexico Bone and Joint Institute, P.C. ("NMBJI"). The CGL Policy covers NMBJI and two of its physicians (collectively, the "CGL Policy Insureds") but contains a professional health care services exclusion (the "Exclusion") that bars coverage for claims arising from medical treatment, advice, or instruction. Tervon Dorsey, a patient of NMBJI, alleges that he sustained bodily injuries due to the medical negligence of NMBJI providers. Dorsey, together with his family (collectively, the "State Plaintiffs"), filed suit against NMBJI and others in New Mexico state court, and Travelers is providing a defense under a reservation of rights. Travelers and the CGL Policy Insureds have filed cross-motions for judgment on the pleadings. Travelers asks the Court to find that it owes no duty to defend the CGL Policy Insureds in the state lawsuit, and the CGL Policy Insureds ask the Court to find that Travelers has a duty to defend. Magistrate Judge Damian L. Martínez originally entered a PFRD recommending that the Court grant the CGL Policy Insureds' cross-motion and deny Traveler's motion. Travelers filed objections, and the CGL Policy Insureds and the State Plaintiffs responded. Magistrate Judge Martínez ordered supplemental briefing, and after considering that briefing, Magistrate Judge Martínez entered the Amended PFRD, in which he recommends that the Court grant Traveler's motion and deny the CGL Policy Insureds' motion. The CGL Policy Insureds and the State Plaintiffs filed Objections to the Amended PFRD, and Travelers responded to those Objections. The Amended PFRD and the Objections are now before this Court.

2

**STANDARD**

To preserve an issue for review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district court must "make a de novo determination of those portions of the [report and recommendation] . . . to which objection is made." 28 U.S.C. § 636(C); *see also* Fed. R. Civ. P. 72(b)(3). The district court is not, however, required to "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (holding that a district court's "terse" order, containing only one sentence for each claim, was still "insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*"). Consequently, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) (noting that "in the exercise of [its] sound judicial discretion," the district court may place "whatever reliance" it chooses to place on a magistrate judge's recommendation).

**DISCUSSION**

In the Amended PFRD, Magistrate Judge Martínez makes several recommendations. The only recommendation to which the State Plaintiffs and the GCL Policy Insureds raise a substantive objection is the recommendation that the Court find that the CGL Policy provides no coverage for the counts in which the State Plaintiffs assert claims of civil conspiracy and joint venture (Count III), fraudulent concealment and lack of informed consent (Count IV), and unfair trade practices (Count V). Doc. 61 at 3-6; Doc. 62 at 5. In support of that recommendation, Judge Martínez (correctly) explains that the Exclusion excludes from coverage personal or advertising injuries

3

"arising out of providing or failing to provide 'professional health care services,'" and then (correctly) applies relevant Tenth Circuit precedent to find as follows: the phrase "arising out of" "is clear and unambiguous and must be applied as written"; the Exclusion comports with public policy; and Counts III through V fall within the scope of the Exclusion. Doc. 60 at 9-11.

In determining that Counts III through V fall within the scope of the Exclusion, Judge Martínez applies *Evanston Ins. Co. v. Desert State Life Mgmt.*, in which the Tenth Circuit held: "In determining the applicability of [an] exclusion, [the] focus must be on the *origin* of the damages, *not* the *legal theory* asserted for recovery." 56 F.4th 899, 909 (10th Cir. 2022). This Court agrees with Magistrate Judge Martínez that, under *Evanston*, "the Court's focus must be on the cause or origin of [Dorsey's] injuries, and not on the legal theories on which [the State Plaintiffs'] relied in attempting to hold [the CGL Policy Insureds] liable." *Farm Bureau Prop. & Cas. Ins. Co. v. Szantho*, 22-CV-501, 2024 WL 5089194, at *11 (D.N.M. Dec. 12, 2024). This Court further agrees that, using this proper focus, there are no factual allegations connecting Dorsey's bodily injury – the type covered under the controlling policy – to non-professional business conduct. *See* Doc. 60 at 12-13. This is true for both Dorsey's alleged physical harm and his alleged mental injuries. As Magistrate Judge Martínez aptly concluded, the alleged physical harm, along with "any emotional distress and anxiety that results from the physical harm and its resulting pain and disability is necessarily precluded from coverage on the basis that the damages originate from alleged medical negligence." *Id.* at 13.

In objecting to the Amended PFRD, the CGL Policy Insureds argue that the Magistrate Judge misapplied *Evanston* by focusing on the "nature of the alleged *injury*" rather than on the "alleged misconduct itself." Doc. 51 at 3 (emphasis in original). But as noted above, *Evanston* dictates that the Court consider the cause or "origin of the damages," which is exactly what

4

Magistrate Judge Martínez did here. *See* Doc. 60 at 11-14. Nowhere does the relevant case law direct the Court to consider instead alleged "misconduct." This is unsurprising, as focusing on the "misconduct" alleged by the State Plaintiffs, rather than on whether the alleged damages originated from such conduct, would contravene the mandate of *Evanston*. The Court finds that, contrary to the CGL Policy Insureds' argument, Magistrate Judge Martínez properly applied controlling law, and that his recommendation properly followed from that application.

The State Plaintiffs also object to the Amended PFRD, arguing that the language "arising out of" is broad enough to "include potential bodily injuries from NMBJI's business and profit driven decisions," and that they "have adequately alleged [that] the damages Mr. Dorsey suffered because of Defendants' profit-driven administrative decisions are separate and distinct from the damages arising out of [NMBJI's] negligent provision of medical services." Doc. 62 at 2-3. But in support of this argument, the State Defendants fail to tie any of Mr. Dorsey's physical or emotional injuries to any "profit-driven administrative decisions." Thus, they continue to fail to "adequately point[] to allegations of bodily injury covered by the CGL Policy that originates separate and apart from [their] alleged medical negligence in Counts III-V." Doc. 60 at 14. While, theoretically, the contractual language may be broad enough to cover administrative decisions, in this case, "the only potentially covered bodily injuries will rely on a finding that the physicians' professional conduct injured Mr. Dorsey." *Id.* And because claims that originate from such professional misconduct are expressly excluded from coverage, the Magistrate Judge properly recommended that the Court find that there is no coverage for Counts III through V.

## CONCLUSION

Based on the Court's de novo determination of the issues raised by the CGL Policy Insureds and the State Plaintiffs in their respective Objections, and after reviewing de novo the relevant

5

law, the Court finds that the Magistrate Judge's recommendations, as set forth in the Amended PFRD are correct. Accordingly, the Court will **OVERRULE** the Objections, **ADOPT** the Amended PFRD, **GRANT** Travelers' Motion for Judgment on the Pleadings, **DENY** the Motion to Strike, and **DENY** the Counter-Motion for Judgment on the Pleadings.

**IT IS THEREFORE ORDERED:**

1. The Defendants' Objections (Docs. 61–62) are **OVERRULED**;

2. The Amended PFRD (Doc. 60) is **ADOPTED**;

3. Travelers' Motion for Judgment on the Pleadings (Doc. 3) is **GRANTED**;

4. Defendants' Motion to Strike (Doc. 21) is **DENIED**;

5. Defendants/Counter-Plaintiffs' Counter-Motion for Judgment on the Pleadings (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Travelers has no duty to defend or indemnify the CGL Policy Insureds in the underlying suit, *Dorsey v. N.M. Bone & Joint Inst.*, D-101-CV-2023-01753 (N.M. 1st Jud. Dist. Ct.).

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**